PER CURIAM.
The appellants, Brian Bevan and Jane Be-van, seek relief from the final judgment awarding attorney’s fees and costs to the appellee, William Bean, following the dismissal of their third amended complaint. We reverse because there was no statutory basis supporting the trial court’s award of fees and costs.
The appellee seeks to sustain the trial court’s award under section 768.79, Florida Statutes (1991), which was in effect at the time he made his offer of judgment.[1] We reject this argument because it is well-settled that we must apply the version of the statute in effect at the time a cause of action accrues. E.g., City of Punta Gorda v. Burnt Store Hotel, Inc., 650 So.2d 142 (Fla. 2d DCA 1995).[2] In this case, it is clear from a reading of the complaint that appellants’ causes of action accrued when the preamended version of section 768.79 was in effect. We have held that under this version, “[t]he plain language of the statute requires that there be a judgment rendered in favor of the plaintiff as a prerequisite to awarding costs and attorney’s fees to a defendant who has made an offer of judgment.” Kline v. Publix Supermarkets, Inc., 568 So.2d 929, 930 (Fla. 2d DCA 1990).
Accordingly, because a judgment was not rendered in favor of the appellants, the trial court had no statutory authority to award fees and costs to the appellee. We, therefore, reverse the trial court’s final judgment.
Reversed.
SCHOONOVER, A.C.J., and LAZZARA and WHATLEY, JJ„ concur.

. Chapter 90-119, Laws of Florida, substantially rewrote this section, effective October 1, 1990.

. Moreover, even if we were to apply this statute, , we would still be required to reverse because the motion was not filed within 30 days after entry of the dismissed order as required by section 768.79(6).