766 So.2d 335 (2000)
BEVERLY ENTERPRISES-FLORIDA, INC., d/b/a Beverly Gulf Coast-Florida, Inc., d/b/a Washington Manor Nursing Home and Rehabilitation Center, Appellant/ Cross-Appellee,
v.
Maggie KNOWLES, as Personal Representative of the Estate of Gladstone Knowles, Deceased, Appellee/ Cross-Appellant.
No. 4D98-0765.
District Court of Appeal of Florida, Fourth District.
May 24, 2000.
Seth A. Honowitz and Scott A. Mager of Kluger, Peretz, Kaplan & Berlin, P.A., Fort Lauderdale, and Edward C. Prieto and George F. Quintairos of Quintairos, Mccumber, Prieto & Wood, P.A., Miami, for appellant/cross-appellee.
Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, and Jeffrey M. Fenster of Fenster and Faerber, P.A., Plantation, for appellee/cross-appellant.
Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., and Ford & Sinclair, P.A., Miami, for Amicus Curiae-Academy of Florida Trial Lawyers.
Edward J. Lyons of Milcowitz & Lyons, P.A., Clearwater, for Amicus Curiae-The Coalition to Protect America's Elders.

ON MOTION FOR REHEARING EN BANC
PER CURIAM.
Gladstone Knowles, an elderly gentleman, was a resident of Washington Manor Nursing Home and Rehabilitation Center for approximately 67 days while he convalesced from hip-replacement surgery. While at Washington Manor, Knowles developed severe bedsores and other serious ailments allegedly because of neglectful and improper treatment and care provided by Washington Manor. Knowles was transferred to a medical hospital where he later died. Maggie Knowles, the personal representative for Gladstone Knowles, sued Washington Manor for violation of the Patient's Bill of Rights under sections 400.022 and 400.023, Florida Statutes (1997). Washington Manor moved for summary judgment because the complaint did not allege that any violation of the statute caused Gladstone's death. Appellee conceded that Gladstone's death did not result from any of the alleged violations of the Patient's Bill of Rights. Interpreting section 400.023(1) to preclude actions by a personal representative when *336 the patient's death is not caused by a deprivation of rights under the statute, the trial court granted appellant's motion for summary judgment. After the trial court disposed of the statutory negligence claims, the case went to trial on a common law negligence theory.
The jury returned a verdict for Washington Manor. Thereafter, this court held in Greenfield v. Manor Care, Inc., 705 So.2d 926 (Fla. 4th DCA 1997), appeal dismissed, 717 So.2d 534 (Fla.1998), that section 400.023(1) permits a personal representative to bring a cause of action for damages arising out of violations of section 400.022 regardless of whether the violations caused the death of the resident. Pursuant to our holding in Greenfield, the trial court granted appellee's motion for a new trial because the court determined that it erred by dismissing appellee's statutory negligence claims. We recede from Greenfield and hold that the language of section 400.023 unambiguously provides that a personal representative of a deceased, nursing home resident may bring an action against the nursing home for violation of the Patient's Bill of Rights only when the deprivation or infringement of the resident's rights caused the patient's death. Accordingly, we find that the trial court was right in its initial ruling dismissing the statutory negligence claims, and we, therefore, reverse the order granting a new trial.[1]
Florida Statutes chapter 400, Part II, Nursing Homes (§§ 400.011-400.335)(1997), provides comprehensive statutory standards for the operation of nursing homes and related facilities and the treatment of residents in those facilities. Section 400.022 furnishes a detailed listing of "[r]esidents' rights." Section 400.023 affords muscle to the Patient's Bill of Rights by establishing a civil cause of action:
(1) Any resident whose rights as specified in this part are deprived or infringed upon shall have a cause of action against any licensee responsible for the violation. The action may be brought by the resident or his or her guardian, by a person or organization acting on behalf of a resident with the consent of the resident or his or her guardian, or by the personal representative of the estate of a deceased resident when the cause of death resulted from the deprivation or infringement of the decedent's rights.... Any plaintiff who prevails in any such action may be entitled to recover reasonable attorney's fees, costs of the action, and damages....
The majority in Greenfield read section 400.023(1) in pari materia with section 46.021, Florida Statutes (1993), which provides that "no cause of action dies with the person" and concluded that
To construe section 400.023 as foreclosing all causes of actions for nursing home negligence which does not cause the resident's death is to nullify section 46.021.
705 So.2d at 933.
In receding from the majority holding in Greenfield, we adopt the reasoning of Judge Warner's dissent where she wrote:
The rights protected under section 400.022 are rights that are largely personal to the resident of the facility, such as the right to religious liberty, see § 400.022(1)(a), the right to organize and participate in groups in the facility, see § 400.022(1)(e), and the right to manage one's personal affairs, see § 400.022(1)(h) to name a few. The resident also has the right to adequate medical care and proper treatment, see § 400.022(1)(l) and under section 400.023(1), if the violation of these rights results in a death then, the personal representative of the estate of the deceased resident has a cause of action. *337 However, as to the other personal rights, I can conceive of valid policy reasons why the legislature would not want such actions to survive, as postdeath vindication would not bring any personal satisfaction to the resident. Considering the fact that attorney's fees are available for successful suits proving infringements of these statutory rights, it may have been part of the legislative bargain in passing the resident's bill of rights to limit actions to the lifetime of the patient, other than those alleging that the violation of the rights resulted in the death of the resident.
Moreover, section 400.023(1) was enacted long after section 46.021 and I do not see how the two can be harmonized.... As a general rule of statutory construction, a special statute controls over a general statute. See McKendry v. State, 641 So.2d 45 (Fla.1994).
705 So.2d at 934.
In conclusion, because the legislative language of section 400.023(1) is unequivocal on the specific subject to which it speaks, it need not be "harmonized" with section 46.021, an inconsistent, general, and earlier-enacted statute. See McKendry, 641 So.2d at 46. Likewise, although appellee invites us to examine the legislative history of the statute, the language of section 400.023(1) is clear and, thus, leaves no room for resort to a consideration of legislative history to determine its meaning. See Aetna Cas. & Sur. Co. v. Huntington Nat'l Bank, 609 So.2d 1315, 1317 (Fla.1992); First Healthcare Corp. v. Hamilton, 740 So.2d 1189 (Fla. 4th DCA), review dismissed, 743 So.2d 12 (Fla.1999). Therefore, we conclude that, pursuant to section 400.023(1), a personal representative may bring suit on behalf of a deceased resident of a nursing home for alleged infringement of the resident's rights only when the infringement has caused the resident's death.
Accordingly, the order granting new trial is REVERSED.
WARNER, C.J., DELL, GUNTHER, STONE, POLEN, FARMER, STEVENSON, SHAHOOD, GROSS, TAYLOR and HAZOURI, JJ., concur.
KLEIN, J., recuses.