880 So.2d 723 (2004)
ESTATE OF Ernesto VAZQUEZ, et al., Appellants,
v.
AVANTE GROUPS, INC., Appellees.
No. 5D03-427.
District Court of Appeal of Florida, Fifth District.
May 14, 2004.
Opinion Denying Rehearing August 20, 2004.
*724 Susan B. Morrison, Brian L. Thompson and Kimberly M. Kohn of Wilkes & McHugh, P.A., Tampa, for Appellants.
Scott A. Mager and Elaine J. LaFlamme of Mager Law Group P.A., Fort Lauderdale, for Appellees.
PLEUS, J.
This is a nursing home case in which the Estate of Ernesto Vazquez appeals from a final judgment in favor of the defendants, Avante Groups, Inc. ("Avante") and Avante at Leesburg, Inc., ("Leesburg").
At the conclusion of the jury trial, Avante moved for a directed verdict which motion was granted. The court also granted Leesburg's motion for a directed verdict on the issue of punitive damages. The jury returned a verdict in favor of Leesburg on the counts for negligence, wrongful death and a statutory claim under Chapter 400, Florida Statutes.[1]
Of the various claims of error, only one merits discussion. The jury was instructed on the Chapter 400 claim that the alleged violations of Ernesto Vazquez's rights must have resulted in his death.
In Beverly Enterprises-Florida, Inc. v. Knowles, 766 So.2d 335 (Fla. 4th DCA 2000), rev. granted, 789 So.2d 346 (Fla.2001), the Fourth District Court of Appeal, in a unanimous en banc decision, held that a personal representative of a deceased nursing home resident may bring an action against a nursing home for violation of the Patient's Bill of Rights only when the deprivation or infringement caused the resident's death. Knowles is presently pending in the Florida Supreme Court.
This Court recently, in Estate of Youngblood v. Halifax Convalescent Center, Ltd., 874 So.2d 596 (Fla. 5th DCA 2004), reversed a judgment in favor of the nursing home on the basis, among others, that a personal representative can sue under Chapter 400, even though the deprivation does not cause the resident's death. Youngblood certified conflict with Knowles.
*725 The verdict on the negligence count is sustainable and accordingly is affirmed. We conclude that regardless of whether we apply Knowles or Youngblood, the allegations in the estate's complaint as to Chapter 400 are virtually identical to those contained in the negligence count, and hence, any error in the jury instruction was harmless error.
The judgment of the court below is affirmed.
AFFIRMED.
PALMER and TORPY, JJ., concur.

ON MOTION FOR REHEARING
PLEUS, J.
The estate of Ernesto Vazquez seeks rehearing asserting, inter alia, that the panel opinion deviates from this court's recent decision in Estate of Youngblood v. Halifax Convalescent Center, Ltd., 874 So.2d 596 (Fla. 5th DCA 2004), and overlooks numerous purported harmful errors committed during trial of its nursing home claims. We believe that further amplification of our decision is warranted.
The estate points out that in Youngblood, referenced in the panel opinion, this Court reversed and ordered a new trial on the compensatory and punitive damages claims, including the common law negligence count, even though the jury, as here, returned a defense verdict on the negligence count. What the estate overlooks, however, is that reversal of the negligence count in that case was predicated entirely on the existence of racially discriminatory use of peremptory challenges by the defense. That issue is not presented here, nor have we detected reversible error in connection with the common law negligence count. The estate urges that the verdict on common law negligence is against the manifest weight of the evidence, thus entitling it to a new trial, but we conclude, after thorough examination of the trial testimony, that the trial court did not abuse its broad discretion in denying the motion for new trial. See Brown v. Estate of Stuckey, 749 So.2d 490 (Fla.2000); Cloud v. Fallis, 110 So.2d 669 (Fla.1959); Dewitt v. Maruhachi Ceramics of America, Inc., 770 So.2d 709 (Fla. 5th DCA 2000).
The jury's finding of no liability for compensatory damages on the negligence count precludes recovery of punitive damages, see W.R. Grace v. Waters, 638 So.2d 502 (Fla.1994); Liggett Group Inc. v. Engle, 853 So.2d 434 (Fla. 3d DCA 2003), rev. granted, 873 So.2d 1222 (Fla.2004), so that the estate's claim that the trial court reversibly erred in directing a verdict in favor of the defendants on punitive damages is rendered moot.
The estate additionally pled a cause of action for violation of Chapter 400, Florida Statutes (1999) which allows, in a proper case, for recovery of punitive damages. § 400.023(1), Fla. Stat. The question is whether the estate has established reversible error in connection with the adverse jury verdict rendered on that statutory cause of action.
As noted in the panel opinion, in Youngblood, this Court disagreed with Beverly Enterprises-Florida, Inc. v. Knowles, 766 So.2d 335 (Fla. 4th DCA 2000), rev. granted, 789 So.2d 346 (Fla.2001), and held that a personal representative can sue under Chapter 400, even though the deprivation or infringement did not cause the resident's death. The trial court here instructed on the estate's Chapter 400 claim that the alleged violations of Ernesto Vazquez's rights must have resulted in his death.
This was error in light of Youngblood but we conclude it was not harmful error *726 given the jury's verdict on the negligence count. Close examination of the estate's complaint reveals that the allegations asserting a violation of Chapter 400 virtually track those contained in the unsuccessful negligence count. The estate argues that the causes of action are entirely separate and distinct but we disagree, at least given the pleadings in this case. Further buttressing our conclusion is the fact that shortly after the estate filed this lawsuit, the Legislature clarified its intent in enacting section 400.022 when it amended section 400.023(2) to provide that a violation of section 400.022, Florida Statutes, is not considered negligence per se:
Nothing in this part shall be interpreted to create strict liability. A violation of the rights set forth in section 400.022 or in any other standard or guidelines specified in this part or in any applicable administrative standard or guidelines of this state or a federal regulatory agency shall be evidence of negligence but shall not be considered negligence per se.

See Chapter 2001-45, § 4, Laws of Florida.
See Palma Del Mar Condominium Ass'n No. 5 of St. Petersburg, Inc. v. Commercial Laundries of West Florida, Inc., 586 So.2d 315, 317 (Fla.1991) (legislature's subsequent amendment of a statute may properly be used to ascertain the legislative intent behind an earlier version of the statute). See also Gamble v. State, 723 So.2d 905, 907 (Fla. 5th DCA 1999) (courts should consider subsequent legislation in arriving at a correct interpretation of a prior statute).
A negligence standard governs the Chapter 400 claim and based on nearly identical allegations the jury found no negligence on the part of the defendants. The trial court's error in instructing the jury that it had to find that the deprivation or infringement must have resulted in Vazquez's death, given the verdict on the negligence count, was harmless error.
Finally, after thorough consideration we conclude that the trial court did not abuse its discretion in the evidentiary rulings challenged by the estate on appeal. See Stewart & Stevenson Serv., Inc. v. Westchester Fire Ins. Co., 804 So.2d 584 (Fla. 5th DCA 2002). In particular, the estate's proffered admission against interest made by the unidentified person at the nursing home facility was simply too vague to support a determination that the person was, in fact, an employee of the facility.
REHEARING DENIED.
PALMER and TORPY, JJ., concur.
NOTES
[1] Patient's Bill of Rights.