889 So.2d 829 (2004)
The ESTATE OF Philip J. DOYLE, By and Through Dorothy DOYLE, Personal Representative, Appellant,
v.
MARINER HEALTHCARE OF NASHVILLE, INC.; Mariner Post-Acute Network, Inc.; and Mariner Health Group, Inc. (as to Mariner Health of Clearwater), Appellees.
No. 2D03-3833.
District Court of Appeal of Florida, Second District.
October 15, 2004.
Rehearing Denied January 12, 2005.
Susan B. Morrison of Law Offices of Susan B. Morrison, P.A., Tampa, and Melanie L. Bossie and James R. Freeman of Wilkes & McHugh, P.A., Tampa, for Appellant.
Michael R. D'Lugo of Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A., Orlando, for Appellants.
SILBERMAN, Judge.
The Estate of Philip J. Doyle appeals a final judgment entered against it following a jury trial on its claims against the appellees, Mariner Healthcare of Nashville, Inc., Mariner Post-Acute Network, Inc., and Mariner Health Group, Inc. Mr. Doyle had been a nursing home resident at a Mariner facility. Following his death, the Estate filed suit for negligence, wrongful death, and deprivation or infringement of his statutory rights as a nursing home resident. The residents' rights claim was brought pursuant to chapter 400, Florida Statutes (1999).
The Estate argues, among other things, that the trial court erroneously instructed the jury that for the Estate to recover on *830 its residents' rights claim, the alleged violation of Mr. Doyle's rights had to be a legal cause of his death. Although the instruction was consistent with the statutory language then in effect[1] and the decision in Beverly Enterprises-Florida, Inc. v. Knowles, 766 So.2d 335 (Fla. 4th DCA 2000), the Estate argues that the trial court should have given an instruction that did not require a causal link between the deprivation of rights and Mr. Doyle's death. In support, the Estate cites to the recent decision of Estate of Youngblood v. Halifax Convalescent Center, Ltd., 874 So.2d 596 (Fla. 5th DCA 2004).
In Knowles, the Fourth District Court of Appeal concluded that section 400.023(1) unambiguously provides that a personal representative could bring a residents' rights claim on behalf of a deceased nursing home resident "only when the deprivation or infringement of the resident's rights caused the patient's death." 766 So.2d at 336. In Youngblood, the Fifth District Court of Appeal disagreed with Knowles and determined that section 400.023(1) was ambiguous. 874 So.2d at 603-05. The court noted that the statute had been amended in 2001 to allow a claim to be brought regardless of the cause of death, and the court stated that the more recent version of the statute "should be employed to determine the true Legislative intent as to the meaning of this older, ambiguous version of the statute." Id. at 605. The court discussed public policy considerations and concluded that notwithstanding the language of the earlier, applicable version of the statute, a personal representative should be permitted to bring a residents' rights claim even if the alleged deprivations or infringements of those rights did not cause death. Id. at 603-05.
We disagree with Youngblood and agree with the Fourth District's analysis in Knowles and its conclusion that the pre-amendment language of section 400.023(1) is unambiguous. Further, we agree that under that version of the statute, "a personal representative may bring suit on behalf of a deceased resident of a nursing home for alleged infringement of the resident's rights only when the infringement has caused the resident's death." Knowles, 766 So.2d at 337. Because the pre-amendment version of the statute was in effect at the time the Estate's cause of action accrued, it is applicable to this case. See Cenatus v. Naples Cmty. Hosp., Inc., 689 So.2d 302, 304 (Fla. 2d DCA 1997); Bevan v. Bean, 661 So.2d 1251, 1252 (Fla. 2d DCA 1995). Accordingly, we conclude that the trial court did not err in instructing the jury.
Regarding the other issues argued by the Estate, we affirm without discussion. Therefore, we affirm the final judgment and certify conflict with Youngblood.
Affirmed; conflict certified.
FULMER and VILLANTI, JJ., Concur.
NOTES
[1] Section 400.023(1), Florida Statutes (1999), provides:

The action may be brought by the resident or his or her guardian, by a person or organization acting on behalf of a resident with the consent of the resident or his or her guardian, or by the personal representative of the estate of a deceased resident when the cause of death resulted from the deprivation or infringement of the decedent's rights.
(Emphasis added).