915 So.2d 660 (2005)
TAMPA MEDICAL ASSOCIATES, INC.; Tampa Health Properties, Ltd.; Mariner Health Group, Inc.; Mariner Post-Acute Network, Inc.; Mariner Health of Tampa, Inc., Appellants,
v.
The ESTATE OF John Park CRAIG, by and through Mary E. Snow-Craig, Personal Representative, Appellee.
No. 2D04-3560.
District Court of Appeal of Florida, Second District.
October 12, 2005.
*661 Michael R. D'Lugo of Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A., Orlando, for Appellant Mariner Health of Tampa.
No appearance for Appellants Tampa Medical Associates, Inc.; Tampa Health Properties, Ltd.; Mariner Health Group, Inc.; and Mariner Post-Acute Network, Inc.
Susan B. Morrison of Law Offices of Susan B. Morrison, P.A., Tampa and John R. Cummings of Wilkes & McHugh, P.A., Tampa, for Appellee.
CASANUEVA, Judge.
John P. Craig lived for two years in a nursing home operated by Mariner Health of Tampa, Inc., before he died in July 2000. After his death, Mr. Craig's estate filed a three-count complaint against Mariner, alleging (1) violation of Mr. Craig's statutory rights as provided in chapter 400, Florida Statutes (2000), (2) wrongful death, and (3) common law negligence. The estate also sought punitive damages. Following an eight-day trial, the jury exonerated Mariner from any violation of chapter 400 and from wrongful death. However, the jury concluded that Mariner negligently treated Mr. Craig and awarded compensatory damages of $125,000 as well as punitive damages of $675,000.
In posttrial motions, the estate sought and was granted a new trial on its chapter 400 claim. Mariner's motion to set aside *662 the punitive damages award was denied. Mariner now appeals the trial court's rulings on those motions. We reverse the order granting a new trial because the supreme court's recent opinion in Knowles v. Beverly Enterprises-Florida, 898 So.2d 1 (Fla.2004), decided after the trial court rendered its order, prohibits a new trial in these circumstances. We affirm, however, the trial court's refusal to set aside the punitive damages award.
We review an order granting a new trial under the abuse of discretion standard. Millar Elevator Serv. Co. v. McGowan, 819 So.2d 145, 151 (Fla. 2d DCA 2002). Section 400.022, Florida Statutes (2000), guarantees residents of nursing home facilities numerous rights, including but not limited to the right to be adequately informed of one's medical condition and the proposed treatment, the right to refuse medication or treatment, the right to receive adequate and appropriate health care and protective and support services, and the right to be free from both mental and physical abuse. In the event that any of these statutory rights is violated, the legislature provided for a cause of action. § 400.023, Fla. Stat. (2000). The chapter also provides that a personal representative on behalf of the estate of a deceased nursing home resident may pursue this cause of action "when the cause of death resulted from the deprivation or infringement of the decedent's rights." § 400.023(1).
In Knowles, the supreme court answered a certified question directly applicable to this case. It held that the language of the statute  "when the cause of death resulted from the deprivation or infringement of the decedent's rights"  is a limitation on the right to sue. To maintain the cause of action, the personal representative is required to establish that the resident's death was caused by the deprivation or infringement of the resident's rights. If the infringement of the nursing home resident's rights was not connected to the cause of death, no cause of action arises. Id. at 6. Here, in light of the jury's exoneration of Mariner from any violation of chapter 400 or wrongful death, no proof links Mr. Craig's death to a deprivation or infringement of his statutory rights.[1] The trial court had granted the estate a new trial on the basis of the then recently decided case of Estate of Youngblood v. Halifax Convalescent Center, Ltd., 874 So.2d 596 (Fla. 5th DCA 2004), which had held that no causal nexus was required. However, as the estate concedes, after the supreme court's more recent opinion in Knowles, 898 So.2d 1, because there was no causal connection in Mr. Craig's case, it was error to grant the estate a new trial.
The trial court also denied Mariner's motion to set aside the punitive damage award. To reverse this determination the record must show that there is an absence of evidence on which the jury could properly rely in finding that a plaintiff is entitled to an award of punitive damages. Cf. Jackson County Hosp. Corp. v. Aldrich, 835 So.2d 318 (Fla. 1st DCA 2002) (reversing a jury finding of reckless disregard in the emergency treatment of a burn victim because of insufficient evidence). On appeal, we "must view all the evidence in a light most favorable to the non-movant, and in the face of evidence which is at odds or contradictory, all conflicts must be resolved in favor of the *663 party against whom the motion has been made." Id. at 325-26. We have applied this standard to the record before us and conclude that there was sufficient evidence upon which the jury could rely to support its award of punitive damages.
We affirm the award of punitive damages, reverse the grant of a new trial on the count for violation of chapter 400, and remand.
ALTENBERND and KELLY, JJ., Concur.
NOTES
[1] The statute was amended in 2001 to permit a cause of action regardless of a nexus to the cause of death. The amended statute is applicable to causes of action accruing on or after May 15, 2001. Ch.2001-45, § 4, at 221, Laws of Fla.; see also Doyle v. Mariner Healthcare of Nashville, 889 So.2d 829 (Fla. 2d DCA 2004).