DAMOORGIAN, J.
The Appellees, TJ Palm Beach Associates, L.P., The Taubman Realty Group, L.P., The Taubman Corporation, and Smith <& Company, Inc., obtained a final summary judgment in their favor, which was affirmed by this court.[1] The trial court granted the Appellees’ motion for attorney’s fees and costs and ordered that Palm Beach Polo pay $67,665.00 in attorney’s fees to TJ Palm Beach and $41,301.50 in attorney’s fees to the other Appellees, with a maximum exposure of $67,665.00. The trial court also ordered Palm Beach Polo to pay costs and expert witness fees.
Palm Beach Polo appeals from the order granting attorney’s fees and costs, arguing *184 that the trial court failed to make express written findings in the order as to the time reasonably expended by, and the hourly rates of, the Appellees’ attorneys. Although the Appellees concede error on this point, we reverse the order only as to the trial court’s failure to make a specific finding of the reasonable number of hours expended by the Appellees’ attorneys. See Fla. Patient’s Comp. Fund v. Rowe, 472 So.2d 1145, 1151 (Fla.1985). On remand, the trial court shall set forth this specific finding in its order. The parties note that there is no transcript of the attorney’s fees hearing. As a result, additional proceedings may be necessary if the record is not adequate for the trial court to make this finding.
The trial court’s error in failing to make a specific finding of hourly rates was harmless because the court referenced another portion of the record which listed those rates, thereby adopting the rates as reasonable. Cf. Blits v. Renaissance Cruises, Inc., 647 So.2d 971, 972 (Fla. 4th DCA 1994) (harmless error where the trial court failed to make sufficient written findings of fact in its order awarding attorney’s fees, but stated its findings on the record at the evidentiary hearing). In addition, the trial court’s order i-eflects that Palm Beach Polo agreed to the reasonableness of the rates.
Palm Beach Polo also argues that the trial court erred in awarding certain costs to TJ Palm Beach because TJ Palm Beach did not show that all of the requested costs were reasonably necessary to defend the case. Because there is no transcript of the evidentiary hearing on attorney’s fees and costs, we cannot determine whether the trial court abused its discretion in awarding these costs. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979); see also Smith v. Sch. Bd. of Palm Beach County, 981 So.2d 6, 10 (Fla. 4th DCA 2007) (“An award of costs is reviewed using an abuse of discretion standard.”). We must affirm the cost award.

Affirmed in part; Reversed in part and Remanded.

MAY and CIKLIN, JJ., concur.

. Palm Beach Polo, Inc. v. TJ Palm Beach Assocs., L.P., 12 So.3d 236 (Fla. 4th DCA 2009).