COHEN, J.
Lyle S. Saltzman, M.D., and Brevard Anesthesia Services, P.A. (collectively, “Dr. Saltzman”), appeal from the trial court’s order denying their motion for attorney’s fees against Marsha Lynn Had-lock. On appeal, Dr. Saltzman argues that section 44.103(6), Florida Statutes (2002), requires the trial court to award attorney’s fees. We disagree and affirm.
This appeal arose out of a medical malpractice action Hadlock brought against Dr. Saltzman. After a court-ordered nonbinding arbitration hearing, the arbitrator found no negligence on the part of Dr. Saltzman. Dissatisfied with the result of the arbitration, Hadlock requested a jury trial de novo pursuant to section 44.103(5), Florida Statutes (2002), and Florida Rule of Civil Procedure 1.820(h). Following trial, the jury returned a verdict in favor of the defense, and the trial court entered a final judgment in favor of Dr. Saltzman. Dr. Saltzman subsequently filed a motion *774 for attorney’s fees pursuant to section 44.103(6), which the trial court denied. This appeal ensued.
Generally, a trial court’s order on attorney’s fees is reviewed for an abuse of discretion. T & W Developers, Inc. v. Salmonsen, 31 So.3d 298, 301 (Fla. 5th DCA 2010). When entitlement to attorney’s fees is based on the interpretation of a statute, however, this Court’s review is de novo. ' Id. Because statutes awarding attorney’s fees are in derogation of the common law rule requiring each party to pay its own attorney’s fees, they are to be strictly construed. See Winter Park Imports, Inc. v. JM Family Enters., 66 So.3d 336, 340 (Fla. 5th DCA 2011).
Section 44.103(6), Florida Statutes (2002), provides that “[t]he party having filed for a trial de novo may be assessed ... reasonable costs of the party, including attorney’s fees, ... incurred after the arbitration hearing if the judgment upon the trial de novo is not more favorable than the arbitration decision.” (Emphasis added).[1] Dr. Saltzman argues that the Legislature’s use of the permissive term “may” does not render the trial court’s decision to award attorney’s fees completely discretionary. Instead, he claims, the statute gives the trial court discretion only to determine whether the judgment following trial is more favorable than the arbitration decision. Under that interpretation of the statute, Dr. Saltzman asserts he is entitled to attorney’s fees because neither the arbitrator nor the jury awarded Hadlock any damages, and the result at trial was thus no more favorable to her than the arbitration decision. Dr. Saltz-man suggests that such an interpretation of section 44.103(6) effectuates the statute’s purpose — to discourage parties from miscalculating the strength of their cases and encourage acceptance of the arbitrator’s decision. See Dunkin’ Donuts Franchised Rests., LLC v. 330545 Donuts, Inc., 27 So.3d 711, 714 (Fla. 4th DCA 2010).
We are not persuaded by Dr. Saltzman’s arguments. We are compelled to analyze this statute using fundamental rules of statutory construction. As the supreme court explained in Daniels v. Florida Department of Health, 898 So.2d 61, 64-65 (Fla.2005):
When the statute is clear and unambiguous, courts will not look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent. In such instance, the statute’s plain and ordinary meaning must control, unless this leads to an unreasonable result or a result clearly contrary to legislative intent. When the statutory language is clear, courts have no occasion to resort to rules of construction — they must read the statute as written, for to do otherwise would constitute an abrogation of legislative power.
(Citations and internal quotation marks omitted). It is well-settled that the word “may” “denotes a permissive term rather than the mandatory connotation of the word ‘shall.’ ” The Fla. Bar v. Trazenfeld, 833 So.2d 734, 738 (Fla.2002); see also Humane Soc’y. of Broward Cnty., Inc. v. Fla. Humane Soc’y., 951 So.2d 966, 972 *775 (Fla. 4th DCA 2007) (holding award of attorney’s fees was discretionary under section 501.2105, Florida Statutes (2003), which provided that “the prevailing party ... may receive his or her reasonable attorney’s fees and costs from the nonpre-vailing party.”); Williams v. Fla. Mem'l. Coll, 453 So.2d 541, 542 (Fla. 3d DCA 1984) (stating that section 448.08, Florida Statutes (1981), “authorizes, but does not require, an award of attorney’s fees” where statute provided the court may award prevailing party fees).
Given the overriding principles that statutes awarding attorney’s fees are to be strictly construed and that the plain language of a statute controls, we find that by using the permissive term “may” in section 44.103(6), the Legislature vested the trial court with discretion to award or deny attorney’s fees. Because the statutory language is unambiguous, the Court need not look to legislative intent. Accordingly, we affirm.
AFFIRMED.
ORFINGER, C.J., and SAWAYA, J., concur.

. Section 44.103(6) was amended effective October 1, 2007. See Ch. 2007-206, § 1, at 1888, Laws of Fla. It now provides, in pertinent part, that reasonable attorney's fees "may be assessed” against a plaintiff who, "having filed for a trial de novo, obtains a judgment at trial which is at least 25 percent less than the arbitration award.” § 44.103(6)(a), Fla. Stat. (2007). We apply the former version of the statute, as it was in effect at the time the cause of action accrued. See Bevan v. Bean, 661 So.2d 1251, 1252 (Fla. 2d DCA 1995).