DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**I-95 MOTORSPORTS, INC.,**
Appellant,

v.

**STEVEN GOLDBERG** and **CHRISTINA L. CHRISTO,**
Appellees.

No. 4D13-3225

[January 7, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, III, Judge; L.T. Case No. 11-32689 (21).

Robert P. Bissonnette of Robert P. Bissonnette, P.A., Fort Lauderdale, for appellant.

Charles M-P George of the Law Offices of Charles M-P George, Coral Gables, and Douglas P. Johnson of Douglas P. Johnson, P.A., Davie, for appellees.

CIKLIN, J.

The plaintiff appeals an order which effectively determined that it was not entitled to attorneys' fees following the non-jury trial conducted in this matter. Because the record does not reflect an abuse of discretion by the trial court, we affirm.

The plaintiff's suit against the defendants related to an unpaid balance on repairs and restoration the plaintiff performed on the defendants' vehicle. The plaintiff filed multiple counts and attorneys' fees were sought pursuant to section 559.917(1)(b), Florida Statutes (2011), upon which one of the counts was expressly based. The defendants filed an answer and brought counterclaims. Count II of their counterclaim sounded in fraud in the inducement and alleged that the plaintiff was required to register with the Florida Department of Agriculture and Consumer Services before engaging in the business of motor vehicle repair.

After a bench trial, the court found in favor of the plaintiff on three of the four claims. The court found no liability as to the defendants' counterclaims. Thereupon, the plaintiff filed a motion seeking prevailing party attorneys' fees. The defendants opposed the award of fees and argued that the plaintiff could not avail itself of a fee-authorizing statute when it was not licensed under the chapter through which the plaintiff sought fees.

After a non-evidentiary hearing, the trial court declined to award fees to the plaintiff.[1]

On appeal, the plaintiff argues the trial court erred because it was the prevailing party. The defendants argue the fee entitlement statute is permissive, not mandatory, and that the plaintiff cannot recover under the statute because it was not registered with the Department of Agriculture and Consumer Services. We find the statute is permissive and that on this record, we cannot determine whether the court abused its discretion by denying the plaintiff's motion.

A prevailing party provision of a statute may contain permissive rather than mandatory language. *See Saltzman v. Hadlock*, 112 So. 3d 772, 774-75 (Fla. 5th DCA 2013) (affirming denial of prevailing party attorneys' fees to prevailing party and finding the term "may" in statute gave court discretion to grant or deny fees to prevailing party).

Section 559.917(1)(b) provides in pertinent part, "The prevailing party in that action may be entitled to damages plus court costs and reasonable attorney's fees." Like the language of the statute in *Saltzman*, the use of the word "may" renders the statute permissive. We are not able to address whether the court abused its discretion in denying permissive fees as the record is insufficient to find an abuse of discretion. Typically, a transcript of a non-evidentiary hearing is not necessary for meaningful review. *See SPCA Wildlife Care Ctr. v. Abraham*, 75 So. 3d 1271, 1275 (Fla. 4th DCA 2011). However, here, the transcript may have shed light on the court's reasons for choosing not to award fees to the plaintiff. Maybe not. In any case, we will not speculate on the trial court's rationale used when it exercised its discretion.

*Affirmed.*

CONNER and FORST, JJ., concur.

---

[1] A transcript of the fee entitlement hearing was not provided by either party.

* * *

*Not final until disposition of timely filed motion for rehearing.*