DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN M. ZUCCARELLI III,**
Appellant,

v.

**MARILYN BARFIELD,**
Appellee.

No. 4D13-3031

[June 3, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn D. Kelley, Judge; L.T. Case No. 502008CA035174XXXXMBAA.

Gary K. Oldehoff of Lewis Stroud & Deutsch, P.L., Boca Raton, for appellant.

Marilyn Barfield, Jupiter Inlet Colony, pro se.

LEVINE, J.

The issue presented for our review is whether an affidavit filed by appellee in a pending judicial proceeding was protected by absolute privilege from a claim of defamation. The trial court granted summary judgment in favor of appellee, finding that the counts against her relied on an affidavit she filed in a court proceeding. We find that the affidavit filed in the court proceeding seeking injunctive relief related to pending litigation, and as such, we affirm the trial court's granting of the motion for summary judgment.

This case is part of a larger story of disputes between the parties. What is relevant to this case is that appellant John Zuccarelli filed an amended complaint against appellee Marilyn Barfield and her husband for defamation and conspiracy to defame. Zuccarelli is the mayor of Jupiter

Inlet Colony, and Barfield and her husband are residents of the town.[1]

Zuccarelli alleged that Barfield published false and defamatory statements in an affidavit filed in support of a verified motion for temporary injunction. Specifically, Zuccarelli complained that Barfield's affidavit stated that "my husband and I, as well as my brother, have been physically and verbally attacked by the Town's mayor." Zuccarelli alleged that Barfield published the statement to the court and the general public; that the statement was not related to the purpose of the pending litigation, i.e., Barfield's electricity being turned off; and that the statement was made with actual malice because Barfield knew it was false or acted with reckless disregard as to whether the statement was false.

Barfield filed an answer and affirmative defenses, including an affirmative defense asserting that the statement was privileged because the affidavit was filed in a pending judicial proceeding and the statement was connected to the pending judicial proceeding. The trial court granted summary judgment as to the counts against Barfield because "[t]hese Counts rely on affidavits filed in a court proceeding. The affidavits were related to pending litigation and are privileged as a matter of law." The trial court entered a final judgment in favor of Barfield.

Later in an amended motion for rehearing, Zuccarelli pointed out that the Florida Supreme Court in *DelMonico v. Traynor,* 116 So. 3d 1205 (Fla. 2013), quashed the Fourth District's decision in *DelMonico v. Traynor*, 50 So. 3d 4 (Fla. 4th DCA 2010). The trial court denied the amended motion for rehearing. This appeal ensues.

We review an order granting summary judgment de novo. *Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.,* 760 So. 2d 126, 130 (Fla. 2000). Whether an absolute privilege applies is a pure question of law subject to de novo review. *DelMonico,* 116 So. 3d at 1211.

Under the doctrine of absolute immunity, a party is "exempted from liability to an action for defamatory words published in the course of judicial proceedings, regardless of how false or malicious the statements may be, as long as the statements bear some relation to or connection with the subject of inquiry." *Id. See also Myers v. Hodges*, 44 So. 357, 361 (Fla. 1907) (stating that in order for defamatory words to be absolutely privileged, "they must be connected with, or relevant or material to, the cause in hand or subject of inquiry"). The rationale for the privilege is

---

[1] The causes of action against Barfield's husband remain pending below and are not at issue in this appeal.

based on two concerns: "(1) that the initial trial would needlessly devolve into another trial; and (2) that the potential exposure to a subsequent lawsuit would have a chilling effect on litigants seeking to redress their injuries." *DelMonico*, 116 So. 3d at 1214. Where defamatory statements published in the course of a judicial proceeding are not pertinent to the cause at hand, a qualified privilege applies. *Id.* at 1213 (citing *Myers*, 44 So. at 363). A qualified privilege can be overcome by a showing of express malice. *Id.*

With respect to whether a statement relates to pending litigation, our supreme court in *DelMonico* stated:

> The issue of whether a statement is connected with or related to the subject of inquiry is a threshold determination to be made by a judge, mindful that "much latitude must be allowed to the judgment and discretion of those who maintain a cause in court" when "determining what is pertinent." *Myers*, 44 So. at 362; *see also Hope v. Nat'l Alliance of Postal & Fed. Emps., Jacksonville Local No. 320*, 649 So. 2d 897, 901 (Fla. 1st DCA 1995) (noting that "courts have not imposed a strict relevancy test in determining whether a statement made in the judicial process is entitled to immunity" in "recognition of the necessity of providing for the free flow of information"); Restatement (Second) of Torts § 586 cmt. c. (1977) (recognizing that attorney statements made during the course of judicial proceedings "need not be strictly relevant to any issue involved in" those proceedings for the absolute privilege to apply).

116 So. 3d at 1219.

Zuccarelli presented the trial court with the Florida Supreme Court's decision in *DelMonico*. In *DelMonico*, appellant sued business competitors alleging they defamed appellant by telling his clients that he used prostitutes to lure clients. While this litigation was pending, appellant filed a separate action against appellees' attorney, alleging the attorney made false statements to appellant's ex-wives and business associates that appellant used prostitutes to get business and was being prosecuted for prostitution. The attorney moved for summary judgment based on absolute privilege because the statements were made in the course of a judicial proceeding. The supreme court found that the absolute privilege did not apply.

The supreme court recognized that "[i]n cases where this Court has

3

applied the absolute privilege to issues involving defamation, the defamatory statements at issue were made either in front of a judicial officer or in pleadings or documents filed with the court or quasi-judicial body." *Id.* at 1217. In contrast, *DelMonico* involved the "ex-parte, out-of-court questioning of a potential, nonparty witness in the course of investigating a pending lawsuit." *Id.* at 1220. The supreme court found that "where an attorney steps outside of both the courtroom and the formal discovery process to investigate a claim, this Court's precedent does not support an extension of the absolute privilege." *Id.* at 1218. The supreme court was concerned that there were no protections of judicial oversight like those that exist during deposition. The court explained:

> During depositions, a protection against abuse exists simply because the proceeding is adversarial in nature and the opposing side has an opportunity to immediately object to any untrue statements. Moreover, if statements are falsely made, the harmed party may seek to impose sanctions against the offending party in an expeditious way, with the transcript of the deposition providing a clear record of proof. Further, the trial court can thereafter strike the defamatory matter from the record.

*Id.* at 1217.

Unlike in *DelMonico* where the statements were made during an out-of-court, informal investigation, in the present case the statement at issue was made in an affidavit filed in court. Thus, the present case involves "more formalized judicial settings" with the "presence of safeguards" to "facilitate[] and promote[] an unimpeded speaking environment while protecting an individual from false or malicious statements." *Id.* The harmed party could seek sanctions against the individual filing the affidavit with the objected to allegation. Further, the harmed party could move to strike the defamatory matter from the affidavit. In this case, like envisioned in *DelMonico,* the fact that the offending statement was filed in a manner where the harmed party had an opportunity to object was the clear distinction between statements that had sufficient safeguards, on the one hand, and those made ex parte and where the harmed party did not have an opportunity to object such as in *DelMonico*, on the other hand.

Zuccarelli also challenges the trial court's award of attorney's fees after an evidentiary hearing. Because Zuccarelli has not provided this court with a transcript, we affirm on this issue as well. *See Applegate v. Barnett Bank of Tallahassee,* 377 So. 2d 1150, 1152 (Fla. 1979); *I-95 Motorsports, Inc. v. Goldberg,* 155 So. 3d 449, 450 (Fla. 4th DCA 2015); *Palm Beach*

4

*Polo, Inc. v. TJ Palm Beach Assocs., L.P.*, 21 So. 3d 183, 184 (Fla. 4th DCA 2009).

*Affirmed.*

MAY and CIKLIN, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**