DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FGAP INVESTMENT CORP.,**
Appellant,

v.

**A1 BODY AND GLASS OF CORAL SPRINGS, LLC,**
Appellee.

No. 4D2023-2450

[September 4, 2024]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Kim Theresa Mollica, Judge; L.T. Case No. 19-009673 CONO.

Spencer B. Siegel of Siegel & Siegel, P.A., Boca Raton, for appellant.

Jan Michael Morris, Boca Raton, for appellee.

CIKLIN, J.

FGAP Investment Corp. ("FGAP") appeals a final judgment that was entered in its favor, but which did not award it attorneys' fees. Because the record is insufficient for this court to determine whether the trial court abused its discretion in denying attorneys' fees, we affirm.

FGAP financed Pablo Henao's purchase of his car. Henao took his car to A1 Body and Glass of Coral Springs, LLC ("A1") for repairs. Henao failed to pick his car up or pay the balance due, so A1 initiated lien proceedings under the Florida Motor Vehicle Repair Act, sections 559.901-559.9221, Florida Statutes (2019), and filed a statement of claim against Henao and FGAP. After a significant amount of litigation, FGAP prevailed on the merits. Nonetheless, the trial court denied an award of prevailing party attorneys' fees in the final order: "[E]ven though the Court did reserve as to the amount at the end of trial, . . . the Court's discretion is to deny any award to entitlement to either party[.]"

On appeal, FGAP challenges the trial court's denial of an award of prevailing party attorneys' fees, arguing it is entitled to such an award based on two statutes. First, section 559.917, Florida Statutes (2019),

"Bond to release possessory lien claimed by motor vehicle repair shop," provides in part, "The lienor shall have 60 days to file suit to recover the bond. The prevailing party in that action *may be entitled* to damages plus court costs and reasonable attorney's fees." § 559.917(1)(b), Fla. Stat. (2019) (emphasis added). Second, section 713.585, Florida Statutes (2019), "Enforcement of lien by sale of motor vehicle," provides in part that, at a hearing on a complaint relating to the requirements of the section, the court shall determine "[t]he award of reasonable attorney fees and costs, *at the court's discretion*, to the prevailing party." § 713.585(7)(e), Fla. Stat. (2019) (emphasis added).

"When . . . a statute's language 'is clear, unambiguous, and conveys a clear and definite meaning,' that statute 'must be given its plain and obvious meaning.'" *Curtis v. City of Hollywood*, 379 So. 3d 1185, 1189 (Fla. 4th DCA 2024) (quoting *Liberty Mut. Ins. Co. v. Pan Am Diagnostic Servs., Inc.*, 347 So. 3d 7, 10 (Fla. 4th DCA 2022)). It is well-settled that, in statutory language, the word "may" indicates a permissive term, whereas "shall" indicates a mandatory term. *See Sanders v. City Of Orlando*, 997 So. 2d 1089, 1095 (Fla. 2008).

The use of the word "may" in section 559.917(1)(b) "renders the statute permissive." *I-95 Motorsports, Inc. v. Goldberg*, 155 So. 3d 449, 450 (Fla. 4th DCA 2015) (affirming denial of attorneys' fees to plaintiff who prevailed on three of four claims). Moreover, the plain and obvious meaning of "at the court's discretion" in section 713.585(7)(e) indicates that an award is discretionary, not mandatory. Thus, contrary to FGAP's arguments, any award of attorneys' fees under these statutes is decidedly discretionary.

"[D]iscretion is abused only where no reasonable man would take the view adopted by the trial court." *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980) (quoting *Delno v. Mkt. St. Ry. Co.*, 124 F.2d 965, 967 (9th Cir. 1942)). Without a transcript of the relevant hearings, however, this court cannot determine whether the trial court abused its discretion in declining to award fees. As we explained in *I-95 Motorsports*:

> We are not able to address whether the court abused its discretion in denying permissive fees as the record is insufficient to find an abuse of discretion. Typically, a transcript of a non-evidentiary hearing is not necessary for meaningful review. *See SPCA Wildlife Care Ctr. v. Abraham*, 75 So. 3d 1271, 1275 (Fla. 4th DCA 2011). However, here, the transcript may have shed light on the court's reasons for choosing not to award fees to the plaintiff. Maybe not. In any

2

case, we will not speculate on the trial court's rationale used when it exercised its discretion.

*I-95 Motorsports*, 155 So. 3d at 450; *see also Zuccarelli v. Barfield*, 165 So. 3d 830, 833 (Fla. 4th DCA 2015) (citing *I-95 Motorsports* and affirming award of attorney's fees after evidentiary hearing because appellant failed to supply transcript).

In the case at bar, the trial court did not specify its reasoning for declining to award fees in the final order, and, for whatever reason, the record contains no trial transcript. A transcript may have shed light on the trial court's reasons for declining to award prevailing party attorneys' fees, but, as stated in *I-95 Motorsports,* we will not speculate as to the rationale.

We reject the remainder of FGAP's arguments as meritless and/or unpreserved.

*Affirmed.*

WARNER and LEVINE, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

3