# Third District Court of Appeal

## State of Florida

Opinion filed January 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2194
Lower Tribunal No. 21-19091
_____


**Yehezkel "Jesse" Salman,**
Appellant,

vs.

**Elena Kendall,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

The Diener Firm, P.A., and Erik D. Diener (Davie), for appellant.

John C. Lukacs, P.A., and John C. Lukacs, Sr., for appellee.


Before LOGUE, C.J., and GORDO and LOBREE, JJ.

PER CURIAM.

Affirmed.  See Zuccarelli v. Barfield, 165 So. 3d 830, 831 (Fla. 4th DCA

2015) ("Under the doctrine of absolute immunity, a party is 'exempted from liability to an action for defamatory words published in the course of judicial proceedings, regardless of how false or malicious the statements may be, as long as the statements bear some relation to or connection with the subject of inquiry.'" (quoting DelMonico v. Traynor, 116 So. 3d 1205, 1211 (Fla. 2013))); DelMonico, 116 So. 3d at 1219 ("The issue of whether a statement is connected with or related to the subject of inquiry is a threshold determination to be made by a judge, mindful that 'much latitude must be allowed to the judgment and discretion of those who maintain a cause in court' when 'determining what is pertinent.'" (quoting Myers v. Hodges, 44 So. 357, 362 (Fla. 1907))); Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory.").