DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
_____

11851 SKYLAKE PL #H
TEMPLE TERRACE, LLC,

Appellant,

v.

ROBERT MADISON TURLINGTON,

Appellee.

No. 2D2024-2302
_____

August 13, 2025

Appeal from the County Court for Hillsborough County; James Giardina, Judge.

Andrew J. Wit of Jennis Morse, Tampa, for Appellant.

No appearance for Appellee.


ROTHSTEIN-YOUAKIM, Judge.

11851 Skylake Pl #H Temple Terrace, LLC (Skylake), appeals the trial court's unelaborated order denying its motion for attorney's fees and costs. After a careful review of the record, we are at a loss to understand why the court denied the motion. Skylake is undoubtedly the prevailing party following the bench trial in this matter, it timely moved for fees and costs, and it relied on at least two nondiscretionary bases for recovering fees and costs that do not require formal entry of judgment—section 83.49(3)(c), Florida Statutes (2024), and paragraph 29 of the first Lease

Agreement. *See Villa Sorrento, Inc. v. Elden*, 458 So. 2d 1177, 1177 (Fla. 4th DCA 1984) (holding that when a statute provides for a mandatory fee award, "[t]he discretion of the trial court exists only to the extent of determining the reasonableness of the amount in light of the circumstances"); *see also MacKenzie v. Centex Homes by Centex Real Est. Corp.*, 281 So. 3d 621, 625 (Fla. 5th DCA 2019) ("Because Centex prevailed on a . . . claim to which mandatory fee provisions apply, we hold that the trial court erred in denying Centex's motion for fees . . . ."). And contrary to the argument that Robert Turlington asserted below in his opposition to Skylake's motion (he has not filed a brief as appellee), the court was not required to have expressly retained jurisdiction to award fees and costs. *See Finkelstein v. N. Broward Hosp. Dist.*, 484 So. 2d 1241, 1243 (Fla. 1986).

We therefore reverse and remand for further proceedings. In doing so, we are mindful that Skylake has not provided us with a transcript of the hearing on its motion.[1] Consequently, although on this record it seems unlikely that Skylake somehow waived its right to mandatory fees and costs, the trial court on remand may either proceed with determining

---

[1] If Skylake had relied solely on *permissive* contractual or statutory fee language, the lack of a hearing transcript would leave us no choice but to affirm.

> We are not able to address whether the court abused its discretion in denying permissive fees as the record is insufficient to find an abuse of discretion. . . . [H]ere, the transcript may have shed light on the court's reasons for choosing not to award fees to the plaintiff. Maybe not. In any case, we will not speculate on the trial court's rationale used when it exercised its discretion.

*I-95 Motorsports, Inc. v. Goldberg*, 155 So. 3d 449, 450 (Fla. 4th DCA 2015).

2

the amount of any fee and cost award or set forth the basis for its determination that such an award is inappropriate.

Reversed and remanded for further proceedings.

LaROSE and ATKINSON, JJ., Concur.

_____

Opinion subject to revision prior to official publication.