919 So.2d 341 (2005)
Thomas McKEAN, et al., Petitioners,
v.
Peter WARBURTON, Respondent.
No. SC04-1243.
Supreme Court of Florida.
September 8, 2005.
As Revised on Denial of Rehearing January 5, 2006.
*342 Bruce D. Barkett of Collins, Brown, Caldwell, Barkett and Garavaglia, Chartered, Vero Beach, FL, for Petitioner.
Troy B. Hafner, LL.M of Gould, Cooksey, Fennell, O'Neill, Marine, Carter and Hafner, P.A., Vero Beach, FL, for Respondent.
Robert W. Goldman of Goldman Felcoski and Stone, P.A., Naples, Florida and John W. Little, III of Brigham and Moore, LLP, West Palm Beach, Florida on behalf of Real Property Probate and Trust Law Section of The Florida Bar, as Amicus Curiae.
QUINCE, J.
We have for review a decision of the Fourth District Court of Appeal which certified the following question to be of great public importance:
WHERE A DECEDENT IS NOT SURVIVED BY A SPOUSE OR ANY MINOR CHILDREN, DOES DECEDENT'S HOMESTEAD PROPERTY, WHEN NOT SPECIFICALLY DEVISED, PASS TO GENERAL DEVISEES BEFORE RESIDUARY DEVISEES IN ACCORDANCE WITH SECTION 733.805, FLORIDA STATUTES?
Warburton v. McKean, 877 So.2d 50, 53 (Fla. 4th DCA 2004). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons discussed below, we answer the certified question in the negative, and hold that where a decedent is not survived by a spouse or minor children, the decedent's homestead property passes to the residuary devisees, not the general devisees, unless there is a specific testamentary disposition ordering the property to be sold and the proceeds made a part of the general estate.

FACTS
Henry Pratt McKean II died testate and was not survived by a spouse or minor child. When he died, McKean owned a condominium which was his homestead. The condominium was sold and netted $141,000. McKean also had nominal assets valued at approximately $10,000. The estate's liabilities amounted to $14,000, plus personal representative's fees and attorney's fees.
McKean's will states in pertinent part as follows:
ARTICLE III
I hereby give, devise and bequeath the following amounts of money to the following named individuals, per capita:

*343
Russell Cappelen, Jr. of Vero Beach,
Florida........................................... $ 20,000.00;
and
Peter Warburton of Hamilton, Massachusetts........ $150,000.00.

ARTICLE IV
I hereby give, devise and bequeath the automobile which I own at the time of my death to Glenn Van Hest of Vero Beach, Florida.
ARTICLE V
I hereby give, devise and bequeath to my half-brother ROBERT McKEAN, all of the oil interest I own and royalties due me in Exxon Well, Webster Field.
. . . .
ARTICLE VII
All the rest, residue and remainder of my property which I may own at the time of my death, real, personal or mixed, tangible or intangible, of whatsoever nature and wheresoever situate, including all property which I may acquire or be given title to after the execution of this Will, including all lapsed legacies and devises or gifts made by this Will which fail for any reason, including all insurance(s) on my life payable to my estate or receivable by my Personal Representative, and including any property over or concerning which I may have any power of appointment, I give, devise and bequeath to my half-brothers, THOMAS McKEAN, JOHN W. McKEAN, ROBERT McKEAN and DAVID McKEAN, in equal shares, share and share alike, per stirpes.
Absent the homestead proceeds, the estate assets are insufficient to satisfy any creditor's claims and the cash bequests. Peter Warburton, McKean's nephew, argues that the assets from the homestead property should be used to fund the cash gift to him, free from creditor's claims, as preresiduary property. McKean's half brothers argue that the homestead property passes through the residuary clause of the will to them.

LAW AND ANALYSIS
The issue before this Court is who is entitled to homestead property that is not specifically devised in a testator's will when the testator does not have a surviving spouse or minor children.[1] Although section 731.201, Florida Statutes (2004), does not define homestead, it defines "protected homestead" as that property described in the Florida Constitution "on which at the death of the owner the exemption inures to the owner's surviving spouse or heirs." § 731.201(29), Fla. Stat. (2004). The Florida Constitution[2] defines *344 and protects homesteads in three distinct ways: it provides homesteads with an exemption from taxes; it protects homesteads from forced sale by creditors; and it places certain restrictions on a homestead owner from alienating or devising the homestead property. See Snyder v. Davis, 699 So.2d 999, 1001 (Fla.1997). The public policy furthered by a homestead exemption is to "promote the stability and welfare of the state by securing to the householder a home, so that the homeowner and his or her heirs may live beyond the reach of financial misfortune and the demands of creditors who have given credit under such law." Public Health Trust v. Lopez, 531 So.2d 946, 948 (Fla. 1988). To that end, issues of homestead protections have been interpreted broadly by the courts. See Snyder, 699 So.2d at 1002; Tramel v. Stewart, 697 So.2d 821 (Fla.1997) (liberally construing the homestead provision in the face of an attempted forfeiture action against homestead property). It is with these policy considerations that we consider the issue in this case.
The parties agree that McKean's property was protected homestead property. Because McKean had no surviving spouse or minor child at the time of his death, the devise of his homestead property to certain family members was protected from creditors. See Snyder v. Davis, 699 So.2d 999, 1005 (Fla.1997). Florida's intestacy statute, section 732.103, Florida Statutes (2004), includes the following family members: the surviving spouse, the lineal descendants, the decedent's mother or father or both, the decedent's brothers and sisters, and then the descendents of the brothers and sisters. Petitioners are McKean's half brothers. Section 732.105, Florida Statutes (2004), provides:
When property descends to the collateral kindred of the intestate and part of the collateral kindred are of the whole blood to the intestate and the other part of the half blood, those of the half blood shall inherit only half as much as those of the whole blood; but if all of the half blood they shall have whole parts.
Thus, McKean's half brothers and his nephew are "heirs" pursuant to Florida's intestacy statute.
It is an elementary principle that a person can dispose of his or her property by will as he or she pleases so long as that person's intent is not contrary to any principle of law or public policy. See, e.g., Mosgrove v. Mach, 133 Fla. 459, 182 So. 786, 790-91 (1938). Moreover, once the intent of the testator is ascertained, the entire will should be considered and construed liberally to effectuate the testator's intent. See Marshall v. Hewett, 156 Fla. 645, 24 So.2d 1, 2 (1945). The primary objective in construing a will is the intent of the testator. Id.
When McKean died, he had approximately $10,000 in assets, plus his homestead condominium. The condominium was sold and netted approximately $141,000.00.[3] The estate's liabilities included funeral expenses, credit card debt, the personal representative's fees, and the *345 attorney's fees. The $10,000 in assets was insufficient to settle the liabilities and the specific cash gifts. Warburton, one of the general devisees, seeks to have the $141,000.00 in proceeds from the sale of the homestead satisfy his cash gift, and as an "heir," he seeks to have the cash gift satisfied with protected homestead assets free from all creditor's claims. The Fourth District agreed with Warburton and considered the proceeds from the sale of the protected homestead as part of the general assets of the estate and available to satisfy specific and general devises under the will. Relying on section 733.805, Florida Statutes (2004),[4] the Fourth District concluded that residuary gifts abate or fail before general or specific devises. It then applied the estate assets, including the $141,000, in accordance with section 733.805 and found that the residuary gift abated or failed.
While it is true that a decedent may devise protected homestead property in his or her will if there is no surviving spouse or minor child, the property may only pass as a general asset of the estate by a specific devise. In the absence of a specific devise, the property may pass through the residuary, which is a sufficiently precise indicator of testamentary intent to pass protected homestead property. See Estate of Murphy, 340 So.2d 107 (Fla.1976) (finding that a specific devise of homestead property is preferred, but the general language of a residuary clause is a sufficiently precise indicator of testamentary intent). In this case, the will did not specifically devise the protected homestead property to Warburton, and therefore the homestead passed under the residuary clause to the four half brothers.
This result is consistent with Snyder v. Davis, 699 So.2d 999 (Fla.1997). In Snyder, the decedent left a will devising cash gifts to her children. In the residuary clause of her will, the decedent left the "rest, residue and remainder" of her property to her granddaughter, Kelli Snyder. Her only surviving child was Milo Snyder, Kelli Snyder's father. The personal representative attempted to sell the homestead property to satisfy the cash gift to Milo and creditors' claims and to pay the costs of administration. The personal representative argued that Kelli would not have qualified as an heir under the intestacy statute because Milo was first in line and would have been the sole taker of the protected homestead. The personal representative reasoned that Kelli should not be permitted to receive the homestead free from protection. The personal representative advocated the forced sale of the homestead to pay the general cash bequest to Milo. Guided by the principle of interpreting homestead protections broadly, this Court held otherwise. Id. at 1002, 1005. This Court concluded that any person to whom homestead property is devised under a will and who is categorized as an "heir" in the intestacy statute, regardless of whether that person would be next in line had the decedent died intestate, receives protected homestead property under the Florida Constitution. Id. at 1005. We opined that the testator is in the best position to know which family member is most likely to need or to properly maintain the homestead. Id. The certified question in Snyder asked whether Kelli's gift of homestead property, which passed to her via the residuary clause of her grandmother's *346 will, was protected from forced sale even though her father, Milo, would have received the property had the decedent died intestate. We answered the question in the affirmative.
In this case, the Fourth District dismisses Snyder as inapplicable because the certified question in Snyder was not the same as the certified question in this case. Support for the Fourth District's theory is found in cases that hold, "[N]o decision is authority on any question not raised and considered, although it may be involved in the facts of the case." Benson v. Norwegian Cruise Line Ltd., 859 So.2d 1213, 1217 (Fla. 3d DCA 2003) (quoting State ex rel. Helseth v. Du Bose, 99 Fla. 812, 128 So. 4, 6 (1930)); see also Goldman v. State Farm Fire Gen. Ins. Co., 660 So.2d 300, 304 (Fla. 4th DCA 1995); City of Miami v. Stegemann, 158 So.2d 583, 584 (Fla. 3d DCA 1963).
Although the same question was not presented in Snyder, the two cases have virtually the same facts, both deal with the disposition of protected homestead property through a residuary clause of a will, but they reach completely different results. In Snyder, the homestead property was not specifically devised and thus passed through the residuary clause to the heir named as the recipient of all residual property, the property was protected homestead, was not subject to forced sale, and could not be used to satisfy a cash devise. Likewise, in this case, the homestead property was not specifically devised. It therefore passes through the residuary clause to McKean's heirs and is protected from forced sale to satisfy the cash devise to Warburton. A contrary result creates an apparent conflict because the same factual situation has resulted in different outcomes. See art. V, § 3(b)(3), Fla. Const.
The Fourth District reasoned that because a homestead can be freely devised, absent a surviving spouse or minor child, it becomes property of the estate subject to division in accordance with the established classifications giving some gifts priority over others. In this case, the Fourth District found that the gift of $150,000 to Warburton was a general devise and should be satisfied before the residual devise, and reasoned that the proceeds of the sale of the homestead property should go to Warburton. Such a result is contrary to Snyder, which prohibits a forced sale of protected homestead property to satisfy a general devise of cash.
Florida's statutory scheme and cases from other Florida district courts of appeal support the result we reach today. Section 733.607, Florida Statutes (2004), provides that the personal representative takes possession or control of the decedent's property, except for protected homestead. The personal representative is then charged with the duty to protect the estate until distribution. Nothing in the statutes indicates that the protected homestead should be distributed as part of the decedent's estate, as Warburton contends. Florida's case law supports this conclusion.
In Clifton v. Clifton, 553 So.2d 192, 194 n. 3 (Fla. 5th DCA 1989), the court held that "[h]omestead property, whether devised or not, passes outside of the probate estate. Personal representatives have no jurisdiction over nor title to homestead, and it is not an asset of the testatory estate." See also Cavanaugh v. Cavanaugh, 542 So.2d 1345, 1352 (Fla. 1st DCA 1989) (holding that the transfer of probate jurisdiction to the circuit court did not change the law that the homestead is not an asset of the probate estate); Leslie A. Jeffries, Redfearn: Wills and Administration in Florida §§ 18-1; 18-8; 18-10 (6th ed.1986). It is only when the testator specifies in the will that the homestead is *347 to be sold and the proceeds are to be divided that the homestead loses its "protected" status. See Knadle v. Estate of Knadle, 686 So.2d 631, 632 (Fla. 1st DCA 1996). In Knadle, the decedent's will provided:
My Personal Representative shall sell my homestead as soon as reasonably practical and the net proceeds thereof shall be added to the residue of my estate. Within 90 days after my death, all occupants of my home shall vacate the premises with all their belongings. The home shall remain vacant until sold. My personal Representative in his sole and absolute discretion shall make necessary repairs and improvements to the house to best market the home.
(Emphasis added.) Thus, where the will directs that the homestead be sold and the proceeds added to the estate, those proceeds are applied to satisfy the specific, general, and residual devises, in that order. See also Elmowitz v. Estate of Zimmerman, 647 So.2d 1064 (Fla. 3d DCA 1994); Estate of Price v. West Florida Hosp., Inc., 513 So.2d 767 (Fla. 1st DCA) (holding that where testator directed in her will that her homestead be sold and the proceeds divided between her adult children, the proceeds lost their homestead character and became subject to the claims of creditors), cause dismissed, 518 So.2d 1274 (Fla.1987); cf. In re Estate of Tudhope, 595 So.2d 312 (Fla. 2d DCA 1992) (finding that because the homestead estate was not converted to dollars before it passed and vested in the decedent's children as in Estate of Price, the proceeds could not be reached by creditors). In fact, the Second District has stated that "[t]he best, and perhaps the only, recognized exception to the general rule occurs when the will specifically orders that the property be sold and the proceeds be divided among the heirs." In re Estate of Hamel, 821 So.2d 1276, 1279 (Fla. 2d DCA 2002).
Because the law is clear that the protected homestead is not a part of the decedent's estate for purposes of distribution, the accepted way the $141,000 in proceeds could be applied to the general devises in this case is if McKean had ordered the sale of his protected homestead and ordered that the proceeds be made a part of his general estate. It is clear that McKean's will did not direct that the protected homestead be sold for this purpose.
We therefore answer the certified question in the negative and hold that where a decedent is not survived by a spouse or minor children, the decedent's homestead property passes to the residuary devisees, not the general devisees, unless there is a specific testamentary disposition ordering the property to be sold and the proceeds made a part of the general estate. Accordingly, the decision of the district court of appeal is quashed and the case is remanded for further proceedings consistent with this opinion.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, CANTERO, and BELL, JJ., concur.
NOTES
[1] Article X, section 4(c) of the Florida Constitution specifically provides that a homestead is not subject to devise if the owner is survived by a spouse or minor children.
[2] Article X, section 4(a), of the Florida Constitution provides:

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family;
(2) personal property to the value of one thousand dollars.
[3] The constitutional provision protects homestead property from forced sale to satisfy creditors. The protected homestead may be voluntarily sold, however, and the funds will be protected so long as they are not commingled and are held for the sole purpose of acquiring another home within a reasonable period of time. See Orange Brevard Plumbing & Heating Co. v. La Croix, 137 So.2d 201 (Fla.1962). The proceeds can be used to pay off an existing mortgage. See Suntrust Bank/Miami, N.A., v. Papadopolous, 740 So.2d 594 (Fla. 3d DCA 1999).
[4] Section 733.805(1), Florida Statutes (2004), provides that funds of the estate shall be used to pay debts, charges, expenses, and devises, and that if the property is insufficient to cover all of those, gifts under the will shall lapse in the following order: property passing by intestacy; property devised to the residuary devisee or devisees; property not specifically or demonstratively devised; and property specifically or demonstratively devised.