990 So.2d 1 (2007)
Thomas S. HEIDKAMP, Appellant,
v.
Belinda K. WARREN, f/k/a Belinda Heidkamp, Appellee.
Nos. 2D06-517, 2D06-1768, 2D06-2954.
District Court of Appeal of Florida, Second District.
October 12, 2007.
Thomas S. Heidkamp, pro se.
Susan W. Fox of Fox & Loquasto, P.A., Tampa, and Wendy S. Loquasto of Fox & Loquasto, P.A., Tallahassee, for Appellee.
KELLY, Judge.
In these consolidated cases, Thomas S. Heidkamp, the former husband, appeals from an amended final judgment of dissolution of marriage. He also seeks review of the order awarding his former wife, Belinda K. Warren, attorney's fees and costs and temporary appellate attorney's fees. The former wife cross-appeals the amended final judgment and the trial court's denial of her motion for rehearing regarding her allegation that the former husband misrepresented his assets and income at trial, thereby affecting the calculation of child support. We agree with the former wife that the trial court erred in denying her motion regarding the former husband's alleged fraud or misrepresentation. Accordingly, we reverse the portion of the amended final judgment denying the former wife's motion for rehearing regarding child support. We affirm without discussion the amended final judgment in all other respects, as well as the order awarding attorney's fees and costs to the former wife.
In her motion for rehearing filed pursuant to Florida Family Law Rule of Procedure 12.530 and Florida Rule of Civil Procedure 1.530, the former wife alleged that subsequent to the trial and entry of the final judgment, she discovered evidence that the former husband underreported his income and received funds for his work as an attorney during the litigation which he did not report and which should have been included in calculating *2 child support. At the hearing on her motion, the former wife's counsel requested additional time to address these issues and present documents to support the former wife's claims. The trial court denied the request without prejudice to the former wife to file a supplemental petition to modify the final judgment.
When fraud is asserted as a ground in a motion for rehearing or for relief from judgment, the trial court is required to conduct an evidentiary hearing to determine whether the motion or request should be granted. Stella v. Stella, 418 So.2d 1029 (Fla. 4th DCA 1982) (holding that the wife was entitled to an evidentiary hearing on her rule 1.530 motion for new trial which alleged that the husband committed fraud by misrepresenting the value of certain art objects at trial). We conclude that the former wife's motion for rehearing sufficiently alleges misconduct on the part of the former husband which, if proven, would entitle her to relief under rule 1.530. She was therefore entitled to an evidentiary hearing on the merits of her allegations. See Gostyla v. Gostyla, 708 So.2d 674 (Fla. 2d DCA 1998) (holding that the wife was entitled to an evidentiary hearing on the merits of her motion to set aside the final judgment of dissolution where the motion alleged that the husband committed fraud by lying about his assets under oath at the final hearing). Accordingly, we reverse the trial court's denial of the former wife's motion for rehearing regarding child support and remand for an evidentiary hearing on the former wife's motion.
Affirmed in part, reversed in part, and remanded with directions.
WHATLEY and SILBERMAN, JJ., Concur.