GROSS, C.J.
 

 We affirm the circuit court’s construction of a will, ruling that a decedent’s primary residence was to be sold without a homestead classification. The will contained specific language indicating that the homestead was to be sold and the proceeds divided, so that the residence lost its “protected” homestead status.
 

 Olga Kuhnreich died in 2007. She executed a will in 2004. The personal representative of the estate, Conchita Donahue, petitioned the circuit court for construction of the will.
 

 Article One of the will stated that Kuhnreich’s husband was deceased and she had no children.
 

 
 *702
 
 Article Three, entitled “Specific Bequests of Real and/or Personal Property,” concerned two parcels of real property. First, a West Palm Beach condominium unit
 
 [1]
 
 was devised outright to two named devisees. Second, “[f]rom the sale of: 202 N.W. 18 Street[,] Delray Beach, Florida 33444,” the will bequeathed specific dollar amounts to five persons: Robert Kuhnr-eich, $5,000; “Lane Abbot, AKA Orlando Abad,” $10,000; “David Mears, AKA David Abad,” $10,000; “Connie Abad, AKA Conchita Abad,” $30,000; and Maria De Cuena, $5,000. Article Three ended with this sentence: “In the event that I do not possess or own any property listed above on the date of my death, the bequest of that property shall lapse.”
 

 Article Four was entitled “Homestead or Primary Residence.” It stated:
 

 I will, devise and bequeath all my interest in my homestead or primary residence, if I own a homestead or primary residence on the date of my death that passes through this Will, to
 
 see above primary residence.
 
 If I name more than one person, they are to receive the property [X] equally, after all estate taxes, debts are satisfied.
 

 I will, devise and bequeath all my interest in my homestead or primary residence, if I own a homestead or primary residence on the date of my death that passes through this Will, to
 
 see above primary residence.
 
 If I name more than one person, they are to receive the property [X] equally, after all estate taxes, debts are satisfied.
 

 Name Address Relationship Gladys Pajares 1150 N.E. 155 Street, N. Miami Beach Fla. Sister
 

 Conchita Donahue 44 Pine Oak Drive, Littleton, Colorado Niece
 

 Property: Primary Resident[sic]202 N.W. 18 Street Delray Beach, Florida 33444
 

 As personal representative, Donahue petitioned the circuit court to construe the will. She sought a declaration that the Delray Beach house was homestead property not subject to administration, so that it passed to Donahue and Gladys Pajares by operation of law, which would have the effect of nullifying the specific devises in Article 3.
 

 Prior to the hearing on the petition, the parties agreed that no extrinsic evidence would be presented. The trial court’s final order found that the will demonstrated the decedent’s intent
 

 that the house in Delray Beach, which was her homestead or primary residence, be sold by the Personal Representative of her estate, that the proceeds be used to make the specific bequests set forth in Article Three, and that the remaining proceeds after payment of all estate taxes and debts go in equal amounts to the devisees set forth in Article Four.
 

 The court granted the personal representative’s request to sell the Delray Beach property for $300,000. Gladys Pajares, an Article Four devisee, appeals.
 

 Pajares contends the circuit court erred because the will should have been strictly construed in favor of retaining the homestead exemption contained in Article X, Section 4 of the Florida Constitution. However, the polestar to will interpretation is the intent of the testator.
 
 Morgenthaler v. First Atl. Nat’l Bank of
 
 
 *703
 

 Daytona Beach,
 
 80 So.2d 446, 452 (Fla.1955);
 
 see also
 
 § 732.6005(1), Fla. Stat. (2007). “The law of wills is calculated to avoid speculation as to the testator’s intent and to concentrate upon what he said rather than what he might, or should, have wanted to say.”
 
 In re Estate of Pratt,
 
 88 So.2d 499, 504 (Fla.1956) (citations omitted). Thus,
 

 [t]he intention which controls in the construction of a will is that which is manifest, either expressly or by necessary implication, from the language of the will, as viewed, in case of ambiguity, in the light of the situation of the testator and the circumstances surrounding him at the time it was executed, although technical words are not used; or, as is sometimes said, the testator’s intention must be ascertained from the four corners of the will. Hence a will cannot be construed by a mere conjecture as to the intention of the testator; but it is the intention which the testator expresses in his will that controls, and not that which he may have had in his mind.
 

 Rewis v. Rewis,
 
 79 Fla. 126, 84 So. 93, 94 (1920) (citation omitted);
 
 see also Brickell v. Di Pietro,
 
 145 Fla. 23, 198 So. 806, 811 (1940) (citing Reims) (“It is the intention which the testator expresses in his will that controls.”). “[0]nee the intent of the testator is ascertained, the entire will should be considered and construed liberally to effectuate the testator’s intent.”
 
 McKean v. Warburton,
 
 919 So.2d 341, 344 (Fla.2005) (citation omitted).
 

 Where the decedent has no surviving spouse or minor children, homestead property may “pass as a general asset of the estate by a specific devise.”
 
 McKean,
 
 919 So.2d at 345. “[W]hen the testator specifies in the will that the homestead is to be sold and the proceeds are to be divided[,] ... the homestead loses its ‘protected’ status.”
 
 Id.
 
 at 346-47 (citation omitted). “Thus, where the will directs that the homestead be sold and the proceeds added to the estate, those proceeds are applied to satisfy the specific, general, and residual devises, in that order.”
 
 Id.
 
 at 347 (citations omitted).
 

 Reading Articles Three and Four together, we find that Kuhnreich specified that the Delray Beach property was to be sold and the proceeds divided according to the provisions of the will. With the italicized and underlined language,
 
 “see above primary residence,”
 
 Article Four specifically references the treatment of the residence in Article Three. Article Three indicates that the specific bequests will be paid from “the sale” of the Delray Beach home. In fact, the will provides for the Article Three bequests
 
 only
 
 through a sale of the real property: the will provides that if the decedent did not own one of the two properties on the date of her death, then “the bequest of that property shall lapse.” Article Four does not expressly say that the Delray Beach Property is to pass to Pajares and Donahue free of claims of the decedent’s creditors, a hallmark of homestead property.
 
 See In re Estate of Hamel,
 
 821 So.2d 1276, 1278 (Fla. 2d DCA 2002). Rather the devise is subject to “debts.” The will does not therefore demonstrate an intent to preserve the advantages of homestead for the property.
 

 For these reasons, we affirm the order of the circuit court, which harmonized Articles Three and Four of the will.
 

 MAY and CIKLIN, JJ., concur.
 

 [1]
 

 . The estate inventory valued the condominium at $207,000.