WARNER, J.
Appellant, SPCA Wildlife Care Center, timely appeals a final order determining that a residuary clause in a will was invalid. It complains that the trial court erred in sua sponte determining that the residuary clause of the will failed and that the residue of the testamentary trust would pass by intestacy instead of to a charitable organization for the benefit of animals. Because the court ruled on a matter not raised by the parties and failed to conduct an evidentiary hearing to permit the parties to present evidence on the issue, we agree that the court erred. We thus reverse.
The decedent, Mary Ericson, died in 1991. The decedent’s will contains a Testamentary Trust, providing for Emma Brown as the life income beneficiary. Thereafter, in Article Six, Paragraph C, the will provided that “[u]pon the death of Emma Brown, this share of the trust estate shall be distributed outright and free of trust to the International Wildlife Society.”
In 2007, the Co-Trustees of the trust, George Abraham and Albert Cheval, filed a Joint Petition to Determine Beneficiaries, asserting that after conducting a diligent search, they could not identify any entity or organization known as the “International Wildlife Society.” The Co-Trustees stated their belief that the proper entity to take the assets of the trust upon the death of Emma Brown would be “the Humane Society of Broward County, or a similar organization with a no-kill policy.” In support of the petition, the Co-Trustees filed the affidavits of J. Peter Friedrich, Jr., and Emma Brown.
J. Peter Friedrich, Jr., the attorney who prepared the decedent’s will, attested that the will was a “death bed” type of will that was prepared quickly. He later discovered there was no such entity known as the International Wildlife Society. Instead, the term “International Wildlife Society” was a combination of the names of two animal welfare organizations,[1] but was not itself any specific entity or organization. The decedent passed away prior to making *1274 any change in her will denominating a true entity or organization to receive the trust estate upon the death of Emma Brown.
Emma Brown, a close friend of the decedent and the lifetime income beneficiary of the trust, attested that “it was the intent of the decedent, Mary Ericson, to have the trust assets distributed to a local Broward County, Florida benevolent animal organization which would attempt to aid and care for animals and not consider destruction of animals except as a last resort.” Brown further attested that the decedent “often spoke of the Humane Society [of] Broward County.”
Several organizations were notified of the petition and were permitted to file responses as to whether they should be considered to receive the assets of the testamentary trust under the residuary clause set forth in the will. The appellant, SPCA Wildlife Care Center, filed a response, asserting that the assets of the testamentary trust should be distributed to it, based upon the cy pres doctrine.[2] Other interested parties filed responses as well.
In November 2009, the trial court held a hearing on the Co-Trustees’ Joint Petition to Determine Beneficiaries. The trial court entered an order on the Co-Trustees’ Joint Petition, stating in pertinent part:
ORDERED AND ADJUDGED that the distribution pursuant to the residual clause of the Last Will and Testament of Mary Ericson and Article Six C distributing the residue through a testamentary trust fails and the property shall pass to those persons, including the state, and in such shares as would succeed to Mary Ericson’s intestate estate under the laws of Florida.
(emphasis added).
The Co-Trustees moved for clarification and for rehearing, arguing that their petition requested only that the court enter an order determining what would occur upon Emma Brown’s death. Instead the order could be construed as causing Emma Brown’s lifetime distribution to fail. If it were truly the intent of the court to cause Emma Brown’s lifetime interest to fail, this would be error and a violation of due process. SPCA joined in the Co-Trustees’ Motion for Rehearing and further requested “that the Court grant a rehearing whereby evidence can be submitted to establish the intent of ... Mary Ericson as to her naming the International Wildlife Society as the residuary beneficiary of her testamentary trust.”
The trial court held a hearing on the Co-Trustees’ Motion for Rehearing, but there is no transcript of that hearing in the record. Following the hearing, the trial court entered an Amended Order on the joint petition to determine beneficiaries. The Amended Order contains a slight difference from the original order, providing that “the distribution pursuant to the residual clause of the Last Will and Testament of Mary Ericson and Article Six C distributing the residue of the testamentary trust fails and the property shall pass to those persons, including the state, and in such shares as would succeed to Mary Ericson’s intestate estate under the laws of Florida.”[3] (emphasis added). The *1275 Amended Order also states that the matter was before the court sua sponte. From this order, SPCA appeals.[4]
On appeal, SPCA first argues that the trial court violated its right to due process by adjudicating an issue not presented by the pleadings or noticed to the parties and, thus, lacked jurisdiction to enter the Amended Order on the Co-Trustees’ Joint Petition.
“Procedural due process requires both fair notice and a real opportunity to be heard.” Keys Citizens for Responsible Gov’t, Inc. v. Fla. Keys Aqueduct Auth, 795 So.2d 940, 948 (Fla.2001). “It is well settled that an order adjudicating issues not presented by the pleadings, noticed to the parties, or litigated below denies fundamental due process.” Neumann v. Neumann, 857 So.2d 872, 373 (Fla. 1st DCA 2003). Therefore, where “an issue was not presented by the pleadings nor litigated by the parties during the hearing on the pleadings as made, a decree adjudicating such issue is, at least, voidable on appeal.” Cortina v. Cortina, 98 So.2d 334, 337 (Fla.1957).
Here, the issue of the validity or possible failure of Article Six, Paragraph C, of Mary Ericson’s will was not raised by the pleadings or noticed for hearing. Instead, the issue raised by the Co-Trustee’s petition was simply for the court to determine the proper animal organization that would be the beneficiary of the testamentary trust upon the death of the income beneficiary, in light of the fact that the designated charitable donee was a non-existent entity.
In the present case, the trial court violated the parties’ right to due process by adjudicating that the relevant will provision failed, even though that issue was not presented by the pleadings or noticed by the parties. Further, although no transcript has been provided, it is apparent from the language of the trial court’s orders that the hearing was non-evidentiary and that the trial court raised the issue sua sponte. Thus, Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979), does not require an affirmance. See Seal Prods. v. Mansfield, 705 So.2d 973, 975 (Fla. 3d DCA 1998) (rule of Ap-plegate applies only to the failure of an appellant to provide the transcript of a trial or other evidentiary proceeding where consideration of the evidence was necessary for decision of the issue presented on appeal).
To be sure, a trial court may sua sponte raise the question of whether a will provision is invalid and thus a disposition should pass by intestacy. However, the issue can be decided only after all parties receive appropriate notice and an opportunity to be heard, including the opportunity to present evidence in support of their position.
In its second issue, SPCA contends that the trial court erred in failing to make any finding regarding the applicability of the cy pres doctrine to effectuate the decedent’s charitable intent as expressed in her will. To do so, the trial court should have held an evidentiary hearing at which any interested parties could present evidence on the application of the cy pres doctrine.
Where the trial court’s decision is based on the interpretation of the language of a will, the standard of review is de novo. Timmons v. Ingrahm, 36 So.3d 861, 864 (Fla. 5th DCA 2010). The testator’s intent is the polestar that guides a court’s interpretation of a will. Pajares v. *1276 Donahue, 33 So.3d 700, 702 (Fla. 4th DCA 2010); see also § 732.6005(1), Fla. Stat. (“The intention of the testator as expressed in the will controls the legal effect of the testator’s dispositions.”). “[0]nce the intent of the testator is ascertained, the entire will should be considered and construed liberally to effectuate the testator’s intent.” McKean v. Warburton, 919 So.2d 341, 344 (Fla.2005) (citation omitted). Intestacy is not favored where the will can be construed to lead to a valid testamentary disposition. Dutcher v. Estate of Dutcher, 437 So.2d 788, 789 (Fla. 2d DCA 1983). Where there is an ambiguity in a will, extrinsic evidence is admissible to effectuate the true dispositive intent of the testator. Id.
The cy pres doctrine is the principle that equity will make specific a general charitable intent of a settlor, and will, when an original specific intent becomes impossible or impracticable to fulfill, substitute another plan of administration which is believed to approach the original scheme as closely as possible. Christian Herald Ass’n v. First Nat’l Bank of Tampa, 40 So.2d 563, 568 (Fla.1949). The doctrine is often applied where the named beneficiary is a corporation or institution that has ceased to exist at the time of the testator’s death. See, e.g., Lewis v. Gaillard, 61 Fla. 819, 842-43, 56 So. 281, 288 (1911) (applying the cy pres doctrine and holding that the Florida State College for Women was entitled to receive income from the testator’s estate, even though the testator’s will named the college’s predecessor institution, West Florida Seminary, as the beneficiary); Christian Herald, 40 So.2d at 568 (holding where testator devised property to dissolved charitable corporation, the successor in interest of the dissolved corporation became entitled to such property under the cy pres doctrine). Florida courts have held that “the misnomer of a devisee will not cause the devise to fail where the identity of the devisee can be identified with certainty.” Humana, Inc. v. Estate of Scheying, 483 So.2d 113, 114 (Fla. 2d DCA 1986). The cy pres doctrine, however, does not apply when the provisions of the will can be carried out, such as where the will provides an alternative that can be performed. See Jewish Guild for the Blind v. First Nat’l Bank in St. Petersburg, 226 So.2d 414, 416 (Fla. 2d DCA 1969); see also Sheldon v. Powell, 99 Fla. 782, 794, 128 So. 258, 263 (1930).
In the present case, the trial court erred in sua sponte determining that the residue of the testamentary trust would pass by intestacy instead of to a charitable organization for the benefit of animals. The hearing was not scheduled as an evi-dentiary hearing, and the only extrinsic evidence in the record on the issue of the decedent’s testamentary intent consists of the affidavits of the income beneficiary and the attorney who prepared the will. Those would suggest that the court could fashion an alternative plan to effectuate the intent of the testator, where the testator’s intent to provide for a charitable bequest to animals, and not to benefit any relatives or other parties, was express. Thus, there was not any evidentiary support for the trial court’s conclusion that the residuary clause in Article Six, Paragraph C, of the will should fail.
From the language of the will and the affidavits in the record, it appears that the decedent had a general charitable intent for the residue of her testamentary trust to pass to a charitable organization for the benefit of animals. Even if it cannot be determined which organization the testator had in mind, the interested parties should have the opportunity to present evidence to demonstrate that the cy pres doctrine should apply and permit distribution to a *1277 claimant or claimants which can fulfill the original intent of the bequest as closely as possible. Based on the foregoing, we reverse and remand for an evidentiary hearing.

Reversed for further proceedings in accordance with this opinion.

POLEN and LEVINE, JJ., concur.

. The two wildlife organizations mentioned in the record with the most similar names were the International Wildlife Conservation Society and the Wildlife Society.

. "Cy pres” is defined as "[t]he equitable doctrine under which a court reforms a written instrument with a gift to charity as closely to the donor's intention as possible, so that the gift does not fail." Black’s Law Dictionary 415 (8th ed. 2004).

. Presumably, this change was meant to eliminate any potential concerns as to whether the order would affect Emma Brown’s interest as the life beneficiary. Following the entry of the Amended Order, the Co-Trustees filed a "withdrawal” of their motion for rehearing.

. Although the Co-Trustees are nominally designated as appellees in this matter, they have not filed a brief in defense of the order on appeal.