# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1510

_____

NORANN D. WEBB, CHARLES A.
DANIELL, CLAUDE O. DANIELL,
ROBERTA D. JERNIGAN, JAMES E.
DANIELL, ALISA D. LOPEZ,
REBECCA E. DANIELL, BETH M.
DANIELL and MARC M. DANIELL,

    Appellants,

    v.

JUDITH D. BLUE, as personal
representative of the Estate of
Herbert Otis Daniell,

    Appellee.

_____

On appeal from the Circuit Court for Baker County.
Stanley H. Griffis, III, Judge.

April 25, 2018

JAY, J.

In this appeal from various probate orders, we affirm in all respects and write only to address Appellants' claim that the trial court erred in finding that the decedent validly devised his homestead as part of the probate estate. Specifically, we reject Appellants' assertion that the decedent was required to specially

devise his homestead to Appellee, a non-heir, where the decedent was survived by heirs.

## I.

On August 21, 2016, the decedent, Herbert Otis Daniell, died testate with no surviving spouse or children. The decedent's last will and testament, executed on February 26, 2013, named Judith D. Blue ("Appellee") as the personal representative and sole beneficiary. The will included the following provision: "My entire estate is all property I own at my death that is subject to this will. I leave my entire estate to Judith D. Blue."

On October 4, 2016, Appellee filed a petition for administration. The petition and an inventory listed two estate assets: (1) the decedent's non-exempt homestead (valued at $136,236.00); and (2) the decedent's truck (valued at $12,000.00).

On February 9, 2017, relatives of the decedent ("Appellants") filed a Petition to Determine Homestead Status of Real Property. The petition asserted the real property was the decedent's homestead and descended to the decedent's legitimate heirs where there was no specific intent in the will to pass the homestead property to Appellee, who was at most a friend rather than legal heir of the decedent. Appellee objected to the petition on the ground that the decedent claimed a homestead exemption for ad valorem taxation purposes, but devised the property without homestead protection. Appellants responded that the will was prepared by a non-attorney and did not contain the language required to include homestead property into the estate.

On March 15, 2017, the trial court rendered an order that, among other things, denied the Petition to Determine Homestead Status of Real Property. Specifically, the court found that the decedent was not survived by a spouse or minor child and that the decedent could freely devise his homestead to anyone. The court further found that the decedent's will very clearly stated his intention to leave his entire estate, including his homestead, to Appellee. This appeal followed.

2

II.

Article X, section 4(c) of the Florida Constitution provides in pertinent part:

> (c) The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child.

This constitutional provision "'is designed to protect two classes of persons only: surviving spouses and minor children.'" *City Nat'l Bank of Fla. v. Tescher*, 578 So. 2d 701, 703 (Fla. 1991) (quoting *Wadsworth v. First Union Nat'l Bank of Fla.*, 564 So. 2d 634, 636 (Fla. 5th DCA 1990)). Moreover, this "restraint on the right of an individual to devise property at death should not be extended beyond that expressly allowed by the constitution." *Id.*

As a result, "[w]hen there are no surviving minor children and the surviving spouse has waived her homestead rights, there is no constitutional restriction on the devise of the homestead." *Stone v. Stone*, 157 So. 3d 295, 304 (Fla. 4th DCA 2014). In *Stone*, because there were no minor children and because the wife waived her homestead rights, the decedent's adult son was not entitled to seek the protection of the homestead devise restrictions and the decedent was free to devise his interest in the homestead property—without any constitutional restriction—to his adult daughter. *Id.*

Similarly, here, because the decedent was not survived by a spouse or by minor children, there was no constitutional restriction on the devise of the homestead. Thus, the homestead could be devised to heirs—the class of persons who could be a beneficiary under the laws of intestacy—in order to maintain the homestead's protections against creditors. *Snyder v. Davis*, 699 So. 2d 999, 1003-05 (Fla. 1997). Alternatively, the homestead could be devised to someone other than an heir, which would render the homestead a general asset of the estate subject to administrative expenses and claims. *Id.* at 1005 (citing *State, Dep't of Health & Rehab. Servs. v. Trammell*, 508 So. 2d 422 (Fla. 1st DCA 1987)); *see also*

3

*In re Estate of Hamel*, 821 So. 2d 1276, 1279 (Fla. 2d DCA 2002) ("Florida courts have continued to hold that homestead does not become part of the probate estate unless a testamentary disposition is permitted and is made to someone other than an heir, i.e., a person to whom the benefit of homestead protection could not inure.").

"It is an elementary principle that a person can dispose of his or her property by will as he or she pleases so long as that person's intent is not contrary to any principle of law or public policy." *McKean v. Warburton*, 919 So. 2d 341, 344 (Fla. 2005). "[O]nce the intent of the testator is ascertained, the entire will should be considered and construed liberally to effectuate the testator's intent." *Id.* The testator's intent to devise a homestead is "'that which is manifest, either expressly or by necessary implication, from the language of the will, as viewed, in case of ambiguity, in the light of the situation of the testator and the circumstances surrounding him at the time it was executed, although technical words are not used[.]'" *Pajares v. Donahue*, 33 So. 3d 700, 702-03 (Fla. 4th DCA 2010) (quoting *Rewis v. Rewis*, 84 So. 93, 94 (Fla. 1920)).

In this case, the decedent's will succinctly states: "My entire estate is all property I own at my death that is subject to this will. I leave my entire estate to Judith D. Blue." The first sentence simply means that the decedent's estate consists of all devisable property that the decedent owned at his death. Since it is undisputed that the decedent had no surviving spouse or minor children, the decedent's homestead constituted devisable property that the decedent owned at his death, rendering it part of the decedent's estate. Accordingly, the second sentence devised all of the decedent's estate—including his homestead—to Appellee.

Contrary to Appellants' assertions, there is no constitutional, statutory, or common law requirement that the decedent specifically devise his homestead to Appellee where the decedent is survived by heirs. Moreover, there is nothing in the decedent's will—or in the record—expressing the decedent's intent to leave his homestead to Appellants. Because it is undisputed that Appellee was merely a friend of the decedent, Appellee did not qualify as an heir under the laws of intestacy. *See Trammell*, 508

4

So. 2d at 424 (holding that the decedent's "good friend" was not recognized as an heir under Florida law and was not entitled to the protection of the constitutional homestead provisions that exempt the decedent's property from forced sale). Thus, the trial court correctly concluded that the decedent's homestead became a part of the probate estate where a testamentary disposition was permitted and was made to someone other than an heir, i.e., a person to whom the benefit of homestead protection would not inure.

## III.

Because the decedent's will expressed a clear intent to devise his homestead to Appellee, a non-heir, the homestead became part of the probate estate where the devise was permitted under article X, section 4(c). Accordingly, we affirm the trial court's denial of the Petition to Determine Homestead Status of Real Property as well as the court's other rulings challenged on appeal.

AFFIRMED.

B.L. THOMAS, C.J., and BILBREY, J., concur.

––––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––––

William S. Graessle and Jonathan W. Graessle of William S. Graessle, P.A., Jacksonville, for Appellants.

Nicholas L. Bruce of Collins, Brown, Barkett, Garavaglia & Lawn, CHTD., Vero Beach, for Appellee.

5