DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

PROPERTY SOLUTIONS POWERHOUSE, LLC,

Appellant,

v.

JONATHON NELSON, as Devisee of the Estate
of Margaret O. Templeton,

Appellee.

No. 2D2024-1300

_____

June 6, 2025

Appeal from the Circuit Court for Hillsborough County; Denise A. Pomponio, Judge.

Michael J. Farrar of Michael J. Farrar, P.A., Doral, for Appellant.

Ann M. Allison of Allison Law Group, Temple Terrace, for Appellee.

LaROSE, Judge.

Property Solutions Powerhouse, LLC, appeals the trial court's order of summary administration and order admitting a will to probate. Each relates to the Estate of Margaret O. Templeton. Ms. Templeton died in July 2020. We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A); 9.170(b)(3), (5); 9.020(h)(1)(B).

Property Solutions claims entitlement to Ms. Templeton's homestead. Jonathon Nelson was Ms. Templeton's friend and sole devisee. Property Solutions maintains that the trial court (1) violated its due process rights by entering the orders without affording it notice and (2) erroneously gave the homestead to Mr. Nelson as part of the estate. Property Solutions failed to show its entitlement to notice. Further, the trial court properly distributed the homestead as an asset of the estate. Thus, we affirm.

## I.     **Background**

When she died, Ms. Templeton had neither a spouse nor surviving children.

Mr. Nelson petitioned to establish a lost will and for summary administration of Ms. Templeton's estate.[1]  Mr. Nelson also filed an affidavit noting that Ms. Templeton had no heirs.

The trial court responded to Mr. Nelson's petition:

> You are receiving this memo because a petition to establish a lost or destroyed will is pending in this case and to clarify the applicable local procedure. This court requires an evidentiary hearing as contemplated by [section 733.207, Florida Statutes (2023)], and [Florida Probate Rule] 5.510. Formal notice must be given to those who, but for the will, would inherit. The content of the will must be clearly and distinctly proved by the live testimony (not affidavits) of two disinterested witnesses, or, if a true and correct copy is provided, then by one disinterested witness. Normally, the testimony of the personal representative or a family member as to their efforts to locate the missing original is received as well as testimony to rebut the statutory presumption that the missing will was destroyed by the decedent.

---

[1] Before Mr. Nelson sought to establish the lost will, Ms. Templeton's homestead was sold at a foreclosure sale. The sale generated a surplus.

As directed, Mr. Nelson scheduled a hearing. After the hearing, the trial court entered an order establishing and admitting a lost will to probate and an order of summary administration. The trial court found that all interested persons were given notice of the petitions and hearing or waived notice.

Ms. Templeton devised her homestead to Mr. Nelson:

All the residue of my estate, wherever situated, including lapsed legacies, but expressly excluding any property over which I may have a power of appointment at my death, I devise to [JONATHON] NELSON if he survives me, provided however that, [JONATHON] NELSON should predecease me, I give said residue of my estate to my friend, CARLA RODRIGUEZ and should CARLA RODRIGUEZ predecease me then to the lineal descendants of CARLA RODRIGUEZ per stirpes.

Consequently, the trial court awarded the homestead to Mr. Nelson.

Property Solutions later moved for rehearing, as an "interested person." Allegedly, some of Ms. Templeton's heirs assigned their rights to the surplus from the homestead sale to Property Solutions. Countering Mr. Nelson's affidavit of no heirs, Property Solutions claimed that Ms. Templeton had intestate heirs and filed an affidavit of heirs signed by Thomas Ozmer Williams. The affidavit was not notarized.[2] The affidavit stated, "Aunts and uncles of the Decedent and descendants of deceased aunts and uncles (i.e., cousins of whatever degree of the Decedent). Provide name, age, and address; or if deceased, provide, name, indicate deceased, and date of death. **See attached sheet.**" Mr. Williams

---

[2] Property Solutions claimed to have filed with the trial court assignments from fifteen heirs, including Mr. Williams. We count thirteen that appear to be signed and notarized. There was no assignment for a "Jim Ozmer," and Mr. Williams did not name a "Jim Ozmer" as a relative. The purported assignment from Robert Marsh was not signed by Property Solutions or notarized.

declared under penalty of perjury that he read the affidavit and that the facts stated in the affidavit were true.

The attached sheet suggested that Mr. Williams was Ms. Templeton's paternal first cousin. It further indicated that twelve other purported assignors were either the decedent's first cousins or first cousins once removed. The names and addresses on the sheet for thirteen of the heirs matched the information in the related assignments. The sheet was neither signed nor notarized.

Property Solutions argued that Mr. Nelson failed to provide notice of his petitions to the alleged intestate heirs or to Property Solutions. Property Solutions also argued (1) that the homestead was not estate property subject to administration and (2) that Ms. Templeton did not specifically devise the homestead to Mr. Nelson.

The trial court denied rehearing. Property Solutions appeals.

## II.    Discussion

### 1. Lack of Notice

Property Solutions argues that the trial court denied it procedural due process by entering the orders without notice. Accordingly, Property Solutions asserts that the order admitting the will to probate is void.

Mr. Nelson counters that Property Solutions "failed to provide any evidence that these purported heirs were" related to Ms. Templeton and, thus, entitled to notice.[3] Mr. Nelson also contends that any lack of notice did not render the order void "if the party had actual notice within the time frame to file a motion for rehearing and/or an appeal."

"No lost or destroyed will shall be admitted to probate unless formal notice has been given to those who, but for the will, would be entitled to

---

[3] We reject Mr. Nelson's claim that Property Solutions failed to preserve the notice issue for appeal.

4

the property thereby devised." Fla. Prob. R. 5.510(d). This includes intestate heirs. *See* § 731.201(2), (23), Fla. Stat. (2024); § 732.103, Fla. Stat. (2024).

Mr. Nelson claimed that Ms. Templeton had no heirs. But in its rehearing motion, Property Solutions maintained that Ms. Templeton had heirs, some of whom assigned their rights to Property Solutions, and Mr. Nelson failed to give notice of his petition to them or Property Solutions.

Seemingly, Property Solutions made a colorable claim in the trial court that it was entitled to an evidentiary hearing on the issues of the assignments and notice. *Cf. Heidkamp v. Warren*, 990 So. 2d 1, 2 (Fla. 2d DCA 2007) (reversing the denial of the former wife's rehearing motion and remanding for an evidentiary hearing where the former wife sufficiently alleged the former husband engaged in misconduct); *Robinson v. Villarejo*, 920 So. 2d 206, 207 (Fla. 4th DCA 2006) (reversing the order summarily denying a rehearing motion and remanding for an evidentiary hearing where appellant sufficiently claimed lack of notice). Notably, Property Solutions is not seeking such relief from us. Instead, it asks us to hold that the trial court erroneously rendered the order admitting the lost will to probate without notice. We will not reframe Property Solutions' argument. *See Manatee Cnty. Sch. Bd. v. NationsRent, Inc.*, 989 So. 2d 23, 25 (Fla. 2d DCA 2008) ("We work within the framework of the briefs, and it is not our function to rebrief an appeal.").

In any event, Property Solutions failed to demonstrate that Ms. Templeton had intestate heirs who assigned their rights to Property Solutions. It also failed to establish that Mr. Nelson failed to give notice to interested parties. Property Solutions did not file an assignment for one of the alleged heirs, nor did Mr. Williams name that person as a

5

relative in his affidavit. One assignment was not signed by Property Solutions or notarized. Mr. Williams' affidavit did not state that he had *personal knowledge* of the facts stated therein. *Cf. In re Crosley's Est.*, 384 So. 2d 274, 276 (Fla. 4th DCA 1980) (holding that an affidavit was insufficient to support summary judgment where the affiant did not state therein that she made the statements in the affidavit "on personal knowledge" and that she was "competent to testify to the family history set in the affidavit"). Mr. Williams attested to no facts indicating that Mr. Nelson failed to send notice. The affidavit was not notarized, and Property Solutions' motions were unsworn. *See generally Halpern v. Houser*, 949 So. 2d 1155, 1158 (Fla. 4th DCA 2007) (explaining that counsel's arguments and assertions are not evidence where they are unsworn and not made while under oath).

On this record, Property Solutions failed to offer pertinent evidence to support its position.

## 2. Administration of The Homestead

Property Solutions also urges that the homestead should have passed outside the estate administration to Ms. Templeton's alleged intestate heirs. Mr. Nelson responds that the unmarried and childless Ms. Templeton could devise her homestead, an estate asset, to him.

We review questions of law and legal conclusions de novo. *See Jarrard v. Jarrard*, 157 So. 3d 332, 337-38 (Fla. 2d DCA 2015).

Mr. Nelson must prevail. "[B]ecause the decedent was not survived by a spouse or by minor children, there was no constitutional restriction on the devise of the homestead." *Webb v. Blue*, 243 So. 3d 1054, 1057 (Fla. 1st DCA 2018). Ms. Templeton could devise the homestead to a nonheir. *See id.* She did so through her will's residuary clause. *See McKean v. Warburton*, 919 So. 2d 341, 347 (Fla. 2005) (explaining that

6

where the decedent does not specifically or generally devise the homestead, the homestead "passes to the residuary devisees"); *see also Webb*, 243 So. 3d at 1057 ("[T]here is no constitutional, statutory, or common law requirement that the decedent specifically devise his homestead to [his friend] where the decedent is survived by heirs.").

Accordingly, the trial court correctly awarded the homestead to Mr. Nelson as part of the estate. *See Webb*, 243 So. 3d at 1057 ("[T]he trial court correctly concluded that the decedent's homestead became a part of the probate estate where a testamentary disposition was permitted and was made to someone other than an heir, i.e., a person to whom the benefit of homestead protection would not inure.").

### III.  **Conclusion**

Property Solutions failed to prove that it was entitled to notice of the probate proceedings.  Also, the homestead was an estate asset properly awarded to Ms. Templeton's friend, Mr. Nelson.  We affirm the orders on appeal.

Affirmed.

SLEET, C.J., and SILBERMAN, J., Concur.

_____

Opinion subject to revision prior to official publication.