# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-2423
_____

KIP ANTHONY WEAVER,

   Appellant,

   v.

RUFUS EUGENE HATFIELD,

   Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
William Francis Stone, Judge.

November 19, 2025

OSTERHAUS, C.J.

   Kip Anthony Weaver appeals the denial of his petition to determine homestead status of real property. The trial court concluded that Mr. Weaver waived his homestead rights when he executed a warranty deed assigning his rights and interests to his decedent wife, Carolyn Sue Weaver. Seeing no error in the trial court's decision, we affirm.

I.

Mr. and Ms. Weaver executed an Agreement for Deed on a property in Okaloosa County in December 2013. In July 2019, the Weavers executed a warranty deed wherein Mr. Weaver assigned to Ms. Weaver "any marital and homestead interest" and "all rights, duties, and obligations" in the subject property. Then, in 2022, Ms. Weaver executed another warranty deed conveying the Property to herself and to her brother, Appellee Rufus Eugene Hatfield, as joint tenants with right of survivorship.

Upon Ms. Weaver's death in 2023, Mr. Weaver filed a petition to determine homestead status of real property. Mr. Weaver argued that upon Ms. Weaver's death, the homestead Property vested in him as the surviving spouse. In response, Mr. Hatfield argued that Mr. Weaver waived his homestead rights in the Property in 2019, and that a subsequent 2022 conveyance vested the Property in Mr. Hatfield.

The trial court agreed with Mr. Hatfield. It denied Mr. Weaver's attempt to regain a stake in the Property due to his earlier assignment of his homestead rights. Mr. Weaver timely filed a notice of appeal and challenges the denial of his petition.

II.

The trial court's order denying Mr. Weaver's petition involves the interpretation of statutory language and is reviewed de novo. *Fla. Dep't of Revenue v. Verizon Commc'ns Inc.*, 380 So. 3d 541, 544 (Fla. 1st DCA 2024).

The Florida Constitution protects homestead property by providing tax exemptions, protecting against its forced sale by creditors, and restricting its alienation or devise. Art. X, § 4, Fla. Const. These protections, however, may be alienated or encumbered. *Id.* at § 4(c). Section 732.702(1), Florida Statutes, provides in relevant part that "[t]he rights of a surviving spouse to . . . homestead . . . may be waived . . . before or after marriage, by written contract, agreement, or waiver, signed by the waiving party in the presence of two subscribing witnesses." Subsection (1) states further that "a waiver of 'all rights' or equivalent language, in the property or estate of a present or prospective spouse . . . is a waiver of all

2

rights to elective share, intestate share, pretermitted share, homestead, exempt property, family allowance. . . ."

This case involves a homestead rights waiver dispute. In deciding whether a waiver occurred under applicable law, we look, first, to the operative language of the subject waiver. The waiver signed by Mr. Weaver expresses an explicit intent to waive marital and homestead rights. Specifically, Mr. Weaver released "all his interest, of whatever kind including any marital or homestead interest, in this real property to Carolyn Sue Weaver." The waiver expressly mentions not only Mr. Weaver's homestead rights, but marital rights and "[a]ll the tenements, hereditaments and appurtenances. . . ." This language is sufficiently specific to waive homestead rights under § 732.702(1) and leaves Mr. Weaver in a position vis-a-vis the Property that equates to having pre-deceased his spouse. *Webb v. Blue,* 243 So. 3d 1054, 1056 (Fla. 1st DCA 2018). And so, the waiver left Ms. Weaver free unilaterally to convey the Property during her life without restriction, which she did to Mr. Hatfield.

We acknowledge Mr. Weaver's § 732.7025 argument regarding supposed non-compliance with statutory waiver requirements. But § 732.7025 isn't applicable here as it restricts "devises" of the homestead. Section 731.201(10), Florida Statutes, defines a "devise" as a testamentary disposition of personal property by will or trust. The deeds executed here, however, involved conveyances during Ms. Weaver's life. The conveyance to Mr. Hatfield was not a "devise." By the time of the 2022 conveyance to Mr. Hatfield, Mr. Weaver had already executed a clear waiver of his homestead and spousal rights in the Property. And unlike in *Thayer*, the case on which Mr. Weaver relies, the language of his warranty deed explicitly indicated a waiver of his homestead interests in the property and all hereditaments of the homestead. *Thayer v. Hawthorn*, 363 So. 3d 170, 173 (Fla. 4th DCA 2023). As such, Ms. Weaver was free to convey the Property to Mr. Hatfield during her life without regard to § 732.7025.

3

## III.

For these reasons, the judgment of the circuit court is AFFIRMED.

ROWE and LONG, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

John R. Dowd Jr. of the Dowd Law Firm, P.A., Destin, for Appellant.

Cristine M. Russell, of Rogers Towers, P.A., Jacksonville, for Appellee.